INSURANCE COMPANY *v.* HARRIS.

Assumpsit against an insurance company upon a life policy. Plea, *non assumpsit,* with an agreement that either party might introduce any matter in evidence which would be legally admissible if it had been specially pleaded. Leave was subsequently granted the defendant to file a plea of *puis darrein continuance.* There was also an agreement which provided for the admission of the record of a suit in equity then pending in the Supreme Court of New York, whereto the parties hereto, and others claiming the benefit of the policy, were parties, and stipulated that any further proceedings therein might be filed as a part of the agreement at any time before the trial of this action. A decree was rendered by said court November 26, that the company pay the full amount of the policy to the credit of the suit, for the benefit of such of the other parties as should be found to be thereunto entitled, and that upon such payment the company be released and discharged from further liability on said policy, and that the several claimants be enjoined from suing thereon. The amount was thereupon forthwith paid into court. On the 25th of November the plaintiff stated his case, whereupon the hearing was postponed until the 29th of that month, when the defendant, no evidence having 'as yet been submitted, filed with the clerk of the court a duly certified transcript of said decree. On the trial, leave was refused the defendant to set up the matter of that suit and decree by way of plea, or put it in evidence, under the agreement. *Held,* that the decree was a final determination of the claim of the plaintiff below, and should have been admitted as matter of evidence, having the same force and effect in a court of the United States as in the courts of New York.

ERROR to the Circuit Court of the United States for the District of Maryland.

On the 9th of September, 1872, two actions were brought by the assignee of William H. Brune, against The Mutual Life Insurance Company of New York, on two policies issued by it in January of that year, in the name of said Brune, on the life of John S. Barry. Barry died in March, 1872. By consent, the actions were consolidated and tried together. The defendant pleaded the general issue; and the parties agreed that either of them might offer in evidence any matter that would be admissible if it had been specially pleaded, and leave was subsequently granted the defendant to file a plea of *puis darrein continuance.* There was also an agreement which provided for the admission of certain papers and records, and stipulated that any further proceedings in a then pending suit, commenced April 4, 1872, in the Supreme Court for the city and county of

New York, by Rosalie C. Barry, widow of said John, against said company, said Brune and his assignee, which either party should deem material, might be filed as a part of the agreement, at any time before the trial. The matter involved in that suit, and the decree which was rendered therein by the said court Nov. 26, 1873, are set out in the opinion of this court.

The issue was, by stipulation, submitted for trial to the court. On the 25th of November the plaintiff below stated his case; but, before any evidence was given, further action in the premises was postponed until the 29th of that month, when the defendant, before the plaintiff had submitted any evidence, filed with the clerk of the court a duly certified transcript of said decree.

On the trial, the defendant asked leave to set up the matter of that suit and decree by way of plea, or put it in evidence, under the agreement; but the court refused the leave, and the defendant excepted.

Judgment was rendered in favor of the plaintiff for the amount of the policies; and the defendant sued out this writ, and assigned for error that the court below erred: 1, in its refusal to grant the leave asked for; and, 2, in rendering judgment for the plaintiff upon the agreed statement of facts.

Whitridge, the original assignee, having died, Harris, the defendant in error, was substituted in his stead.

*Mr. Edward Otis Hinkley* and *Mr. Henry E. Davies* for the plaintiff in error.

*Mr. J. Morrison Harris* and *Mr. F. W. Brune, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

The first assignment of error is that the Circuit Court refused to allow the matter of the decree of interpleader in the New York case, which is mentioned at the end of the first bill of exceptions, to be set up in any manner, either by way of plea or in evidence. To understand this assignment, it is necessary to observe carefully what the New York case was. It was a bill filed on the 4th of April, 1872, in the Supreme Court of New York, wherein Rosalie C. Barry was complainant, and The Mutual Life Insurance Company, together with William H. Brune and Horatio L. Whitridge, were defendants.

The bill averred, in substance and effect, that two policies of insurance, one for $20,000 and the other for $5,000, on the life of John S. Barry, the complainant's husband, dated Jan. 18, 1872, issued by the insurance company to Brune, belonged in equity to her; that they were substitutes for or continuations of policies the company had previously issued to her, upon which she had paid the premiums for a number of years, and which, by the compulsion and misrepresentations of her husband, she had been induced to assign to Brune without any consideration; that afterwards Brune arranged to have the policies surrendered, and those of Jan. 18, 1872 (which are the same as those upon which the present suit has been brought), issued to him in lieu of the surrendered ones; that this arrangement was carried out; that the new policies were issued bearing the same numbers as those of the old, calling for the same premiums, insuring the same amounts; that no consideration was paid for them other than the surrender; that the premiums were paid as of the times when they were due on the surrendered policies; that such payment was made principally by the application on account thereof, without her knowledge or consent, of the cash value of the dividends to which she was entitled in virtue of the former policies issued to her, and with which she had been credited by the company. The bill also charged that Brune paid in money only the difference between such cash value of her dividends and the aggregate amount of the annual premiums, and that the cash was furnished to him, at his request, by the complainant's husband, on her account. The prayers of the bill were that the insurers should be enjoined against making any payment of such insurance to Brune or to Whitridge (who claimed some right as assignee of Brune), and that payment to her should be decreed. She also prayed that it might be adjudged she had not parted with or been divested of her rights under said policies, and that the defendants, Brune and Whitridge, might be decreed to have acquired no right or interest therein.

On the 27th of June next following, Brune filed an answer, and at the same time Whitridge also answered. In neither answer was there a denial of most of the averments of the bill. Brune denied that Mrs. Barry's assignments were involun-

tary, and claimed that the first policies were taken by him as collateral securities for loans which he had made to her husband; that if the assignments were improperly made, it was without his knowledge or belief; asserted that he had assigned the substituted policies to Whitridge, and insisted that the court should decree a dismissal of the complainant's bill, and should give judgment in favor of Whitridge's right to collect the sums due under the policies. The answer of Whitridge was similar in substance.

Subsequently the company put in an answer to Mrs. Barry's bill, accompanying it with a petition for an interpleader. The answer conceded the company's liability to pay the sums due upon the policies (those issued to Brune, and the same as those in suit in the present case); averred readiness to pay to the person or persons lawfully entitled to receive payment, and to whom. payment could be made with safety; and offered to pay into court. The petition prayed that the company might be permitted thus to pay; that thereupon it might be discharged; and that Brune, Whitridge, and Mrs. Barry might be ordered to interplead.

The case in the Supreme Court of New York, therefore, though not strictly a bill of interpleader, was in effect that, and more. It was in the nature of such a bill, and was, under the practice of that State, a proper proceeding to determine the rights of the parties. *Badeau* v. *Rogers*, 2 Paige (N. Y.), 209. Brune and Whitridge, as well as Mrs. Barry and the company, were parties to it, and all of them appeared and pleaded. The court thus had complete jurisdiction alike of the insuring company, of Whitridge, Brune, and Mrs. Barry, the persons claiming as assured by the policies, and also of the subject, — the liability of the company to the claimants.

On the twenty-sixth day of November, 1873, a decree was entered in the case, which was a final determination of the rights of Whitridge, Brune, and Mrs. Barry, or either of them, as against the company. So far as it is necessary to refer to it, it was as follows: —

"It is further ordered that the defendants, The Mutual Life Insurance Company, within three days next hereafter, deposit the residue of said $25,000 with the United States Trust Com-

pany of New York, to the credit of this action, for the benefit of the plaintiff, or either of the other defendants herein who shall be found to be entitled thereto, and that said defendants, The Mutual Life Insurance Company, so depositing said amount with said trust company to the credit of this action, be dismissed from the further defence of this action, and thereupon be released, acquitted, and discharged from all claims or liabilities to the said Rosalie C. Barry, plaintiff, and William H. Brune and Horatio L. Whitridge, defendants herein, or any or either of them, for, upon, or by reason of the said sum of $25,000, or upon said policies of insurance, on the payment of said amount, less said adjusted costs as aforesaid, to the said The United States Trust Company of New York."

It was further ordered that the several claimants be enjoined from bringing any other action or proceedings against the defendant, The Mutual Life Insurance Company of New York, upon the said policies of insurance; and the claimants were also ordered to interplead upon the pleadings already interposed.

On the same day the insurance company paid to the United States Trust Company, to the credit of the action, as ordered, the amount of the policies.

It was this judgment of the New York Supreme Court which the plaintiffs in error offered to plead at the trial in the Circuit Court *puis darrein continuance*, and also offered to give in evidence, under an agreement between the parties, and, still further, independently of any agreement. But the court refused to allow it to be pleaded, or to be given in evidence; and this refusal is assigned as error.

The argument submitted to us has taken a very wide range. Much has been said which, in our opinion, has no bearing upon the exact question before us. It may be admitted that the pendency of an action between the same parties and for the same cause, in a foreign jurisdiction, is pleadable only in abatement. So it may be admitted that even a plea in bar, *puis darrein continuance*, cannot be received without verification. But the question here is, whether a final judgment determining the rights of the parties against each other, made by a court having jurisdiction both of the parties and of the subject of

controversy, was admissible, either as evidence under the general issue in assumpsit, or when specially pleaded, or in consequence of any agreement made. The decree made by the Supreme Court of New York, if admissible, was certainly material. It will not be denied that its effect was the creation of a complete bar against the recovery of any other judgment in that State on these policies of insurance, against the plaintiff in error. The claim of Brune or Whitridge became merged in the judgment of that court. It is perfectly immaterial whether the New York court first obtained jurisdiction of the subject and the parties, as in fact it did. When the final judgment was rendered it closed the controversy, and after that the person assured by the policies could not have maintained a suit on them in that State, in the same or any other court; and if not, he cannot now in any other State of the Union. This is settled by the act of Congress of May 26, 1790, which declares that the records and judicial proceedings of the courts of any State, when authenticated, shall have such faith and credit given them in every court within the United States as they have by law or usage in the courts of the State from whence they are taken. The meaning of this is, that when a judgment or decree has been given in one State by a court having jurisdiction of the parties and the subject, it has the same force and effect when pleaded or offered in evidence in the courts of any other State. *Mills* v. *Duryee*, 7 Cranch, 481; *Mayhew* v. *Thatcher*, 6 Wheat. 129; *Habich* v. *Folger*, 20 Wall. 1; *Burnley* v. *Stephenson*, 24 Ohio, 474; *Dobson* v. *Pearce*, 12 N. Y. 156.

If, then, the record of the decrees of the New York court was pertinent to the issue in the case in the Circuit Court, as we have seen it was, and was material, why should it not have been received? There was nothing in the pleadings, nor in the agreement of the parties, we think, that stood in the way of its admission. The defendant below, now plaintiff in error, had pleaded the general issue, and, under that in assumpsit, a judgment recovered may be given in evidence. 2 Stra. 733; 1 Saund. Williams's notes, 67 *a ; Stafford* v. *Clark*, 2 Bing. 377; *Young* v. *Black*, 7 Cranch, 565. And if this were not the general rule, there was an agreement of the parties filed in the

case, by which it was stipulated that either party might offer in evidence, under the general issue, any matter admissible, as if specially pleaded. Of course, this agreement did not mean that an offer of evidence might be made that could have no legitimate bearing upon a proper decision of the case, and that such evidence should be received. But it did mean that whatever would be admissible under any plea should, if offered, be received under the plea of *non assumpsit.*

This, however, was not all. The parties entered into another agreement, that the two causes (viz. suits on the two policies) should be consolidated; that a special plea before filed by the defendant should be waived; that either party should have leave to offer in evidence any matter admissible, as if specially pleaded; and that certain facts, papers, and records were admitted and agreed to, for the purpose of taking the court's opinion in the case as to the plaintiff's right to maintain the action. Among the papers and records was the record of the case in the Supreme Court of New York, including the original petition of Mrs. Barry, and subsequent proceedings, together with the answer of the company and the petition for an interpleader. This agreement was made on the 18th of November, 1873, before the decree discharging the defendants was entered in the New York court. But the tenth clause provided for the use of any subsequent action in that case. It was as follows:—

" 10th. And the said case, wherein Rosalie C. Barry is plaintiff, and The Mutual Life Insurance Company of New York and William H. Brune and Horatio L. Whitridge are defendants, is still pending in New York, and if there should be any further proceedings therein which either party may think material, they may be filed as part of this agreement at any time before the trial of this case."

The decree of the New York court was a further proceeding in that case, and by the agreement it was stipulated that it might be filed and submitted to the court as an agreed fact in the case. It is true the agreement allowed filing at any time before the trial, and the case was called for trial on the 25th of November, 1873. On that day, after the plaintiff had stated his case, but before any evidence was read, the further hearing was postponed until November 29; and on the 29th, before any

evidence was read, the copy of the final order and decree made on the 26th of November by the Supreme Court of New York was filed with the clerk of the Circuit Court. It is now contended that it was filed too late. We do not think so, though the learned judge of the Circuit Court said he would consider the trial as having begun on the 25th. Technically, it may be the trial commenced on that day, but it advanced then only to an oral statement of what was submitted for trial. All the evidence was given after the record was filed. The substantial trial was afterwards. The agreement between the parties should not have been construed technically, but rather in accordance with its spirit and in furtherance of justice.

And if the filing, when it was filed, of the final decree of the New York court as a part of the agreed facts was not allowed by the tenth clause of the agreement of November 18, the decree was still admissible in evidence. That agreement stipulated that either party might offer in evidence any matter admissible as if specially pleaded. It did not require the court to enter judgment upon the admitted facts alone.

It is argued by the defendant in error that the decree rejected by the court was not filed, and that the offer of the plaintiff in error was only to show a *lis pendens*. It is true the record did not show that the interpleading between Mrs. Barry and Brune and Whitridge had terminated. But the decree was a final determination of the claim of all and each of them against the defendant in the present case, upon the policies now in suit. The claim against the company is no longer open to litigation.

Upon the whole, therefore, we conclude that the first assignment of error must be sustained, and what we have said renders it unnecessary to remark upon the second.

The judgment of the Circuit Court must be reversed, and the record remitted for a new trial; and it is

*So ordered.*