### ESSEX COUNTY NAT. BANK *v.* JOHNSON.

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

1. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

In an affidavit for attachment, allegations that the notes sued on are not paid, and that plaintiff is a holder for value before maturity, are immaterial, for payment and transfer after maturity are affirmative defenses, which it is not necessary for plaintiff to rebut in the first instance.

2. SAME—PRESIDENT OF BANK.

An affidavit for attachment, made by the president of plaintiff bank, averring that there are no counter-claims within his knowledge to the demand sued on, is sufficient, without showing that affiant had knowledge of all transactions between plaintiff and defendant out of which counter-claims might have arisen.

Appeal from special term, New York county.

This was an action by the Essex County National Bank of Newark against Thomas V. Johnson on certain promissory notes.   An attachment was issued against defendant on the affidavit of the president of plaintiff that the notes were past due and unpaid, and that the amount sued for was due over and above all counter-claims known to plaintiff or deponent.   Defendant moved to vacate the attachment for insufficiency of the affidavit in that it did not appear that its statements were made on affiant's personal knowledge, as there was nothing in the affidavit to show that he was connected with the bank before the note came into its possession.   The only allegation of the affidavit bearing on this point was as follows: "William H. Curtis, being duly sworn, deposes and says that he is the president of the plaintiff above named."   The motion was denied, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Carrington & Emerson,* (*A. B. Carrington,* of counsel,) for appellant. *Martin & Smith,* (*Geo. A. Strong,* of counsel,) for respondent.

PER CURIAM.   We see no reason for disturbing the attachment granted in this action.   Most of the allegations as to which the knowledge of the president of the bank in making the affidavit is challenged were entirely immaterial, and need not have been made in order to make a perfect cause of action.   As to the question of payment, or whether the note was taken for value before or after maturity, those are affirmative defenses, which it is not necessary for the plaintiff to rebut in the first instance.   The president of the bank at the time of making the affidavit states that there are no counter-claims to the cause of action set up in the affidavit known either to the plaintiff or to deponent; and this is a compliance with the Code.   There is no requirement which compels the party making the affidavit to have knowledge of all the transactions of the plaintiff for the six or twenty years prior to the time of the application for the attachment during which the counter-claims might have arisen.   The position of the affiant was such that

he would be presumed to have knowledge in reference to the claims which might exist against the corporation which he represented at the time of the commencement of the action. We think, therefore, that the order should be affirmed, with $10 costs and disbursements.