## BREMER v. RINGE.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. ATTACHMENT (§ 105*)—PROCEEDINGS TO PROCURE—PLEADING.
    On an application for an attachment in an action on an account stated, though it is necessary to allege nonpayment, and though part of the indebtedness has been paid, it is not necessary for the plaintiff to present proof of nonpayment.
    [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 105.*]

2. ATTACHMENT (§ 108*)—PROCEEDINGS TO PROCURE—AFFIDAVITS—INDEBTEDNESS.
    An affidavit for attachment, showing that plaintiff is entitled to recover the amount claimed over and above all counterclaims known to him, as required by Code Civ. Proc. § 636, is sufficient, without showing that he is entitled to such sum over and above all counterclaims known to his assignor.
    [Ed. Note.—For other cases, see Atttachment, Dec. Dig. § 108.*]

3. ACCOUNT STATED (§ 18*)—DEFENSES—ILLEGALITY.
    In an action by an assignee of an insurance company on an account stated by the defendant, an agent of the company, the defense that the business on which the account is based was conducted in violation of law must be pleaded and proven.
    [Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 18.*]

4. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—RIGHT OF ACTION—COMPLIANCE WITH STATE LAW.
    The prohibition in General Corporation Law (Consol. Laws 1909, c. 23) § 15, against the maintenance of actions in the state by a foreign stock corporation doing business in the state without procuring a certificate authorizing it to transact business, is against the maintenance of actions on contracts made within the state only.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. §. 642.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Jefferson D. Bremer against Charles E. Ringe. From an order vacating a warrant of attachment, plaintiff appeals. Reversed, and attachment reinstated.

See, also, 130 N. Y. Supp. 1106.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Frank Walling, for appellant.

Holmes Jones, for respondent.

LAUGHLIN, J. This is an action on contract to recover a sum of money only, which it is alleged in the complaint was due and owing; but nonpayment of the indebtedness was not shown by competent evidence. The memorandum written by the learned justice presiding at Special Term when the order was made vacating the warrant of attachment shows that the order was granted on the ground that it was essential for the plaintiff, not only to allege nonpayment, but to present proof thereof.

[1] The authorities uniformly hold that it is necessary for the plaintiff in such an action to allege nonpayment; but this is a mere rule of pleading, and, for the reason that payment must be pleaded or proved as a defense, the denial of such an allegation does not make it an issuable fact, and forms an exception to the rule that a denial of a material allegation puts the same in issue. Lerche v. Brasher, 104 N. Y. 157–161, 10 N. E. 58; Lent et al. v. N. Y. & M. R. Co., 130 N. Y. 504, 29 N. E. 988; Essex Co. Nat. Bank v. Johnson, 16 N. Y. Supp. 71.[1] The rule seems to be established by a concurrence of the views of the majority of the court in Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, that in an action to recover a specific sum of money due on contract, as distinguished from an action to recover a balance due where the complaint declares generally on an indebtedness, it is sufficient for the plaintiff to allege nonpayment. without tendering proof thereof, and that payment is not to be presumed, but is a matter of defense.

The case at bar, I think, falls within this rule, for it is an action on an account stated. The confusion has arisen over the fact that the basis of the account stated was a balance owing on an existing account. The action is on an assigned claim of the Property Insurance Company, Limited, to recover the sum of $1,214.31, the balance due and owing on an account stated, rendered by the defendant, who was the agent of the plaintiff's assignor in issuing policies of insurance covering risks in various parts of the United States and Canada and in collecting premiums thereon. The account stated rendered the defendant liable on contract for the payment of a specific amount, the same as on a promissory note, or on a bond, and the fact that part of the indebtedness due on the obligation has been paid does not bring the action within the exception to the rule. Acharan v. Samuel Bros., 144 App. Div. 182, 128 N. Y. Supp. 943. It was sufficient, therefore,

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 625.

for the plaintiff to allege nonpayment, without presenting proof thereof, on his application for a warrant of attachment.

[2] The plaintiff sufficiently shows that he is entitled to recover the amount over and above all counterclaims known to *him,* and this answers the requirements of section 636 of the Code of Civil Procedure, without showing that he was entitled to recover said sum over and above all counterclaims known to his assignor. Selser Bros. v. Potter Produce Co., 80 Hun, 554, 30 N. Y. Supp. 527, affirmed 144 N. Y. 646, 39 N. E. 494; Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324.

[3] The respondent also contends that the warrant of attachment was properly vacated on the ground that the plaintiff did not show that his assignor was authorized to do business in the state of New York, as required by section 9 of the insurance law (Consol. Laws 1909, c. 28), and on the further ground that the defendant was prohibited by section 50 of the insurance law from acting as its agent. If the business was conducted in violation of law, that may be a defense to the action; but, if so, it should be pleaded and proved as a defense, for it is no part of the plaintiff's case and is not necessarily presented thereby. It does not appear from the complaint that the action is based on a contract prohibited by the laws of this state. The action is not on an insurance contract made here, but on an account stated, without its appearing where it was stated, under a contract evidenced by a letter of appointment of the defendant, written by the manager of the plaintiff's assignor, dated at San Francisco, Cal., and addressed to the defendant at the city of New York, and it does not appear how or where the letter of appointment was delivered.

[4] The prohibition in section 15 of the general corporation law (Consol. Laws 1909, c. 23) against the maintenance of actions in this state by a foreign stock corporation, doing business in this state, without procuring a certificate authorizing it to transact business here, is against the maintenance of actions upon contracts made is this state only.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, the motion denied, with $10 costs, and the attachment reinstated. All concur.