FREDERICK W. DAMON *vs.* WALLACE E. WEBBER.

Androscoggin.    Opinion February 28, 1914.

*Case.    Corporation.    Default.    Judgment.    Limitation of Action.    Revised Statutes, Chapter 47, Sections 88-89.    Stockholder.*

Action on the case under R. S., chap. 47, sections 88-89, in favor of a creditor of the United Photo Materials Company, a Maine corporation, against the defendant a resident of Maine and one of the stockholders in said company.    On June 18, 1909, plaintiff, a resident of Massachusetts, recovered judgment in the Municipal Court of Boston against said corporation on the the same debt sued for in this action.    On December 12, 1910, plaintiff brought his action on the above named judgment in the Supreme Judicial Court for Androscoggin County and recovered judgment thereon.

*Held:*

1. The plaintiff's right of action depends upon the possession of a lawful and bona fide judgment against the corporation.    When a Maine creditor holds such a judgment he may proceed against the stockholder without taking out an execution, and so upon authority may the holder of a foreign judgment.

2   The rule is well settled that if a judgment is conclusive between the parties in the state in which it is rendered, it is equally conclusive in every other state of the Union.

3. The right of a court to issue executions depends upon its own powers and organization. Its judgment may be complete and perfect, and have full effect, independent of the right to issue execution.

4. The statute is in the first instance a protection to the plaintiff, the limitation provided is for the protection of the defendant, or debtor. The plaintiff had full control of the judgment, and knowledge of its date. The defendant had no such control or knowledge, but we think his liability attached at the date of the Massachusetts judgment, whether he had knowledge of that judgment or not.

5. The recovery of a judgment against a corporation establishes conclusively the plaintiff's right to satisfy his judgment out of any assets belonging to the corporation. The plaintiff's right to relief sought depends upon the existence of his judgment. The defendant's liability exists by virtue of the statute, and it follows that when such liability begins, the statute limitation commences to run in his favor.

6. The statute clearly supports the conclusion that the right of action accrued when it became the duty of the defendant to pay. He was under no obligation to pay until the amount necessary for him to pay was ascertained. Until an unconditional liability to pay is fastened on the debtor, no action can be maintained against him, and the statute of limitations does not run in his favor.

7. The statute of limitations begins to run against a judgment from the date of its rendition or of its entry, provided it is then final and suable, and is not stayed or superseded for any cause, and in computing the period of limitations, the day on which judgment was entered is to be excluded.

8. The creditor of the corporation cannot at once upon the maturity of his debt proceed against the delinquent stockholder. He must obtain a judgment against the corporation. The stockholder cannot be considered delinquent or in default until the creditor has recovered and holds an unpaid judgment.

9. There is no right of action against the stockholder until the corporation makes default, and the amount of the default is judicially established.

Report on agreed statement. Action dismissed.

This is an action on the case under Revised Statutes, chapter 47, sections 88 and 89, in favor of the plaintiff, who is a creditor of the United Photo Materials Company, a Maine corporation, and against the defendant, who is a stockholder in said corporation. On June 18, 1909, the plaintiff, a resident of Massachusetts, recovered judgment against the United Photo Materials Company in the Municipal Court of the city of Boston for $402.15 debt and $8.32 costs of suit. On December 12, 1910, plaintiff brought his action on the above named judgment in the Supreme Judicial Court for

Androscoggin County, and on the third Tuesday of September, 1912, recovered judgment thereon, and on the 25th day of July, 1913, brought this action.

Defendant pleaded the general issue and by brief statement says: that plaintiff obtained a lawful judgment against the United Photo Materials Company of Boston, in the County of Suffolk and Commonwealth of Massachusetts on the 18th day of June, 1909, before the Justice of the Municipal Court of the city of Boston, on the same debt as is sued in this action, and that the present action should be barred under the provisions of chapter 47, sections 88, 89. The case was submitted to the Law Court upon an agreed statement of facts.

The case is stated in the opinion.

*Benjamin G. Ward,* for plaintiff.

*Harrie L. Webber,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J.  This is an action on the case brought under the provisions of R. S., chap. 47, sections 88 and 89, in favor of the plaintiff as a creditor of the United Photo Materials Company, a Maine corporation, against the defendant, one of its stockholders, and comes before the court upon an agreed statement of facts.

On June 18, 1909, the plaintiff, a resident of Massachusetts, recovered Judgment in the Municipal Court of the city of Boston against the United Photo Materials Company in the sum of $402.15 debt, and $8.32 costs of suit.  The defendant is a citizen of Maine.

On December 12, 1910, the plaintiff brought his action on the above named judgment, returnable at the January term, 1911, of this court, within and for the County of Androscoggin, and thereafter, to wit, on the third Tuesday of September, 1912, recovered judgment therein for the sum of $448.08 debt, and $50.36 costs. The writ in this action is dated July 25, 1913.

The statute under consideration reads as follows:

"R. S., c. 47, sec. 88.  No dividend declared by any corporation from its capital stock or in violation of law, no withdrawal of any

portion of such stock, directly or indirectly, no cancellation or surrender of any stock, and no transfer thereof in any form to the corporation which issued it, is valid as against any person who has a lawful and bona fide judgment against said corporation, based upon any claim in tort or contract or for any penalty, or as against any receivers, trustees or other persons appointed to close up the affairs of an insolvent corporation.

"Sec. 89. Any person having such judgment, or any such trustees, receivers or other persons appointed to close up the affairs of an insolvent corporation, may, within two years after their right of action herein given accrues, commence an action on the case or bill in equity, without demand or other previous formalities, against any persons, if a bill in equity, jointly or severally, otherwise severally, who have subscribed for or agreed to take stock in said corporation and have not paid for the same."

AGREED STATEMENT.

1. Domestic Judgment was obtained in this court September 28, 1912, based on a Foreign Judgment obtained by plaintiff in the Commonwealth of Massachusetts June 18, 1909, as above.

2. That the material allegations contained in the declaration in this action are true.

3. The Foreign Judgment set forth in defendant's plea is a bona fide judgment and was lawfully obtained.

4. That the point in controversy submitted to this court is whether the period of limitation (two years) mentioned in said section 89 of chapter 47 begins to run from the date of the Massachusetts judgment, June 18, 1909, or from the date of the Maine judgment, September 28, 1912; if the former, this present action shall be dismissed; if the latter, judgment to be for the plaintiff in accordance with allegations in the declaration.

The plaintiff contends (1) that the judgment of the Massachusetts court had no extraterritorial force as a judgment, that the plaintiff was not a judgment creditor within the meaning of the statute cited, and could not be until a judgment was recovered thereon in Maine. (2) That chap. 47, secs. 88 and 89, R. S., did not include judgments of other states. (3) That "the statute limitation of two years did not begin to run until September 28, 1912, the date of the Maine judgment," and that the present action was

seasonably begun, July 25, 1913. The defendant's counsel opposes each claim of the plaintiff and urges that the statute limitation of the right of action against the defendant began to run at the date of the judgment obtained in Massachusetts, June 18, 1909.

The plaintiff's right of action depends upon the possession of a lawful and bona fide judgment against the corporation. When a Maine creditor holds such a judgment he may proceed against the stockholder without taking out an execution, *Grindle* v. *Stone,* 78 Maine, 176, and so upon authority may the holder of a foreign judgment.

The rule is well settled that if a judgment is conclusive between the parties in the state in which it is rendered, it is equally conclusive in every other state of the Union. *Sweet* v *Brackley,* 53 Maine, 346; *Jordan* v. *Robinson,* 15 Maine, 167; *Rankin* v. *Goddard,* 55 Maine, 389; Am. & Eng. Ency. of Law, Vol. 13, page 977, 983; *Hampton* v. *M'Connell,* 3 Wheat, 234; *Whitney* v. *Berger,* 78 Maine, 287; *Insurance Co.* v. *Harris,* 97 U. S., 331; *Lamberton* v. *Grant,* 94 Maine, 509; *Pulsifer* v. *Greene,* 96 Maine, 438. And such judgments will be given the same effect as they have in the home forum. Am. & Eng. Ency. of Law, Vol. 13, page 1009, and cases cited.

In *Mills* v. *Duryee,* 7 Cranch, 481, 2 Curtis, 631, the question was whether nil debit was a good plea to an action of debt brought in the courts of the District of Columbia on a judgment rendered in a court of record of the State of New York. Proceeding directly to the point the court says: "The decision of this question depends altogether upon the construction of the laws of the United States. By the Constitution it is declared that 'full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.'"

By the act of 26th May, 1790, c. 11 (1 Stats. at Large, 122) Congress provided for the mode of authenticating records and judicial proceedings of the state courts, and then further declared that "the records and judicial proceedings authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state

from whence the said records are or shall be taken." It appeared there, as here, that the judgment was valid in the state in which it was recovered; that it was conclusive upon the parties therein, and the court held "that it must, therefore, be conclusive here also."

It was also claimed, as in this case, that the act cannot have the effect contended for, because it does not enable the courts of this state to issue executions directly on the original judgment, and the court says: "This objection, if it were valid, would apply to every other court of the same state where the judgment was rendered. But it has no foundation. The right of a court to issue executions depends upon its own powers and organization. Its judgments may be complete and perfect, and have full effect, independent of the right to issue execution."

See *McElmoyle* v. *Cohen,* 13 Peters, 312; *Bissell* v. *Briggs,* 9 Mass., 462; *Hampton* v. *McConnell,* 3 Wheat., 234.

The plaintiff had a lawful bona fide judgment against the corporation. When did his right of action accrue? Section 89 of c. 47 provides that "Any person having such judgment, or any such trustees, receivers or other persons appointed to close up the affairs of an insolvent corporation, may, within two years after their right of action herein given accrues, commence an action on the case or bill in equity, without demand or other previous formalities, against any persons, if a bill in equity, jointly or severally, otherwise severally, who have subscribed for or agreed to take stock in said corporation and have not paid for the same," etc. The statute is in the first instance a protection to the plaintiff; the limitation provided is for the protection of the defendant, or debtor. The plaintiff had full control of the judgment, and knowledge of its date. The defendant had no such control or knowledge, but we think his liability attached at the date of the Massachusetts judgment, whether he had knowledge of that judgment or not. *Child* v. *Cleaves,* 95 Maine, 498; *Abbott* v. *Goodall,* 100 Maine, 231.

The recovery of a judgment against a corporation establishes conclusively the plaintiff's right to satisfy his judgment out of any assets belonging to the corporation. Morawetz on Private Corporations, Vol. 2, sec. 865. The plaintiff's right to relief sought depends upon the existence of his judgment. The defendant's liability exists by virtue of the statute, and it follows that when such liability begins, the statute limitation commences to run in his favor.

The statute clearly supports the conclusion that the right of action accrued when it became the duty of the defendant to pay. He was under no obligation to pay until the amount necessary for him to pay was ascertained. Until an unconditional liability to pay is fastened on the debtor, no action can be maintained against him, and the statute limitation does not run in his favor. *Scoville* v. *Thayer,* 105 U. S., 143, and cases cited; *Hawkins* v. *Green,* 131 U. S., 319.

The statute of limitations begins to run against a judgment from the date of its rendition or of its entry, provided it is then final and suable, and is not stayed or superseded for any cause, and in computing the period of limitations the day on which judgment was entered is to be excluded. 23 Cyc., 1509, and cases cited. In *Gillen et al.* v. *Sawyer,* 93 Maine, 151, an action on the case was brought by the assignees in insolvency of the Bangor Pulp & Paper Company to recover the value of fifty shares of stock of the insolvent company, the court in construing the statute under consideration here, *held,* that "The creditor of the corporation cannot at once upon the maturity of his debt proceed against the delinquent stockholder. He must obtain a judgment against the corporation . . . The stockholder cannot be considered delinquent or in default until the creditor has recovered and holds an unpaid judgment. *Libby* v. *Tobey,* 82 Maine, 397." And further construing the statute in relation to fixing the liability of the corporation to individual creditors, or to receivers, trustees, etc., it was *held* that "in either case there is no right of action against the stockholder until the corporation makes default, and the amount of the default is judicially established.

"The statute limitation of the right of action against the stockholder does not begin to run in favor of the stockholder until that has been done.

"There is usually no question in what court the individual creditor may proceed to establish the fact and amount of the default of the corporation to him."

It is the opinion of the court that the statute limitation of the right of action against the defendant began to run on June 19, 1909. In accordance with the stipulation the entry will be,

*Action dismissed.*