## FEDERAL DEPOSIT INS. CORPORATION v. SIRACO.

### Nos. 178–181, Dockets 21232–21235.

United States Court of Appeals
Second Circuit.

May 3, 1949.

Hancock, Dorr, Ryan & Shove and John
F. Gates, all of Syracuse, N. Y., for plain-
tiff.

Leon M. Layden, of Whitehall, N. Y.,
for defendant.

Before L. HAND, Chief Judge, and
SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff is the receiver of The
Poultney National Bank of Poultney, Ver-
mont. The defendant was a depositor and
customer of the bank who maintained five
deposit accounts therein up to the time
when its doors were closed on March 8,

1943. For several years before its closing the former cashier of the bank had fraudulently manipulated the defendant's accounts, as well as those of other depositors, so that the true condition of the accounts was not disclosed by the books of the bank. The plaintiff brought four actions to recover sums alleged to be owing by the defendant on notes, and overdrafts resulting from checks drawn by him and paid by the bank but not charged to his accounts; he counterclaimed for certain deposits which he alleged had never been credited or repaid to him. The plaintiff's reply denied the allegations of the counterclaim.

The cases came on for trial before Judge Bryant without a jury. During the trial the parties agreed by stipulation that the plaintiff should have judgment in each of its actions for specified amounts, subject to the right of the defendant to offer evidence and of the plaintiff to offer counter-evidence with respect to certain items asserted in the counterclaim. With respect to two of the items, alleged deposits of $4200 on March 26, 1942 and of $2400 on May 26, 1942, the plaintiff's counter-evidence tended to show that the defendant had received payment in part as to one and in full as to the other. To this evidence the defendant objected as being outside the scope of the pleadings. Judge Bryant received the evidence and reserved decision on the defendant's motion to strike it out. A third item involved an alleged deposit of $1077.50 on March 22, 1942. Judge Bryant died without having rendered any decision. Thereafter the parties stipulated that the actions be referred to Judge Kampf for determination upon the record made before Judge Bryant. Judge Kampf granted the reserved motion to strike out the plaintiff's counter-evidence of payment and gave judgment in favor of the defendant for the three items above mentioned, such judgment to constitute an offset against the judgments awarded the plaintiff in its four actions. From that part of the judgment favorable to the defendant on its counterclaim, the plaintiff has appealed. It contends that error was committed in striking its evidence as to the $4200 and $2400 items and that the

record does not support the judgment as to the third item.

■■ The first question is whether the stricken evidence was admissible either under the pleadings or under the stipulation of the parties. It is unnecessary to state the evidence in detail. After the defendant had proved that he deposited with the bank's cashier $4200 on March 26, 1942 and $2400 on May 26, 1942 and that no credit for either deposit appeared in any of his accounts, the plaintiff introduced, over objection, evidence that the defendant had received payment to the extent of $4000 of the first deposit and full payment of the second. The appellant contends that evidence of payment was admissible under the pleadings on the theory that the general denial in its reply to the counterclaim put in issue the allegation of the counterclaim that "said sums have never been repaid to the defendant or to his order, although due demand has been made therefor." This contention cannot be sustained. A general denial puts in issue only the facts which the pleader is required to prove in order to recover. A depositor makes out a prima facie case when he proves the deposit, the demand for payment and the bank's refusal to pay on demand. Michie, Banks and Banking, Vol. 5, § 368c. In such a case payment may not be proven by the defendant under a general denial but is new matter to be specially pleaded as an affirmative defense. 3 Carmody's N.Y. Practice, p. 2053; see also Bremer v. Ring, 146 App.Div. 724, 725, 131 N.Y.S. 487. This is likewise the rule in federal courts. Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ The appellant further argues that in any event it was entitled to introduce the evidence under the provision of the stipulation which confessed judgment for the plaintiff "subject to the right of the defendant to offer evidence and of the plaintiff to offer counter-evidence with regard to the following amounts to which defendant claims to be entitled as credit." Concededly this related to the $4200 and $2400 items, among others, of the counterclaim. A stipulation may broaden the issues raised by the pleadings or change the rules of evidence as to what may be shown by way

of defense under a general denial. Insurance Co. v. Harris, 97 U.S. 331, 336–337, 24 L.Ed. 959. There the stipulation was specific that either party might offer in evidence, under the general issue, any matter admissible, as if specially pleaded. Here the stipulation does not clearly indicate that it was intended to enlarge the scope of the pleadings. The appellant urges that it could have had no other purpose. We think otherwise. The stipulation first provided that the plaintiff should have judgment in specified amounts. To make sure that the claims asserted in the counterclaim were still to be litigated there was added the clause above quoted. This being its purpose, it is by no means clear that the parties intended the evidence and counter-evidence to be other than such as would be proper under the pleadings. That this was the way the defendant interpreted it, is evident from his immediate objection to the offer of evidence tending to prove payment.

■ Section 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

" * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The plaintiff's proper course when objection to its evidence was interposed was to ask leave to amend its reply so as to plead payment. Such a motion the trial judge should have granted with a continuance, if one were necessary, to enable the defendant to meet the plaintiff's evidence. However, the failure to take this course should not deprive the plaintiff of a meritorious defense to the counterclaim. Even after judgment pleadings may be amended to conform to the evidence.[1] While it would be permissible for this court to treat the reply as amended, reverse the order striking out the evidence and decide the issue of payment on the present record, we think fairness to the defendant requires the case be remanded with instructions to allow the reply to be amended and to permit the defendant to put in answering proof—which counsel stated upon argument he desired to do. If he offers such evidence, the district court will consider it with that already taken and with such evidence in rebuttal as the plaintiff may present, and will then decide the issue of payment on the record so made.

■ The plaintiff's appeal also complains of the third item of the defendant's recovery on his counterclaim, namely, the deposit of $1077.50 on March 22, 1942. As to this item Judge Kampf decided for the defendant on the weight of the evidence. It is true that the testimony of Siraco and Lamoureux, if believed, will support a finding that the deposit was made, but Judge Kampf did not see the witnesses and consequently he was in no better position to pass upon their credibility than are we. Their story is not such as by its nature necessarily carries conviction of its truth. Siraco testified that he sent an original and duplicate deposit slip to the bank by Lamoureux and that Lamoureux brought back the duplicate, exhibit L. The face of this duplicate was in Siraco's handwriting and dated March 22, 1942; it listed $575 currency, $2.50 in silver and a note for $500. It was not initialed by Holmes, the cashier, as was his usual practice, but on the reverse side was a note from Holmes to Siraco about another matter. Lamoureux does not profess to know of what the deposit consisted except that his own note for $500, endorsed or signed by Siraco, was a part of it. He says he later paid the note but he cannot remember how or when it was paid; nor was he able to produce the canceled note or to account for its disappearance. March 22, 1942 was a Sunday. It is not impossible that the date

[1] See Field v. Waterman S. S. Corporation, 5 Cir., 104 F.2d 849, 850, 851; Swift & Co. v. Young, 4 Cir., 107 F.2d 170, 172; Cabel v. United States, 1 Cir., 113 F.2d 998, 1000; Downey v. Palmer, 2 Cir., 114 F.2d 116, 117.

which the slip bore was a mistake and that also by mistake Holmes neglected to initial the duplicate slip and Lamoureux lost the note after it was returned to him when paid. But so unusual a series of mistakes at least raises a suspicion as to the verity of the story. Under these circumstances we think that the finding as to the $1077.50 deposit should be reversed and a new trial awarded before a judge who can decide after seeing the witnesses. Cf. Rule 63, F.R.C.P., 28 U.S.C.A.; Smith v. Dental Products Co., 7 Cir., 168 F.2d 516.

Judgment on counterclaim reversed and cause remanded for further proceedings in conformity with this opinion.