## BRENNAN v. GRISSO.
### No. 11269.
United States Court of Appeals
District of Columbia Circuit.

Argued May 29, 1952.

Decided June 26, 1952.

Arthur G. Lambert, Washington, D. C., with whom George L. Hart, Jr., and Benjamin L. Tepper, Washington, D. C., were on the brief, for appellant.

Nicholas J. Chase, Washington, D. C., with whom Harry M. Rubin, Jr., Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

Appellant sued appellee for partition of real estate in the District of Columbia. The complaint alleged that the parties had been husband and wife and held the property as tenants by the entireties but that the marriage was ended by a divorce that appellant got in Florida. The late Judge Goldsborough heard the case without a jury. He expressed orally the belief that appellant had not been domiciled in Florida and that the divorce was invalid. He filed no findings of fact or conclusions of law and no opinion or memorandum. On June 6, 1951 he said "the bill of complaint is dismissed", but he did not order judgment to be entered and judgment was not entered.

On June 15, 1951 appellant filed a "Motion to Enter Judgment for the Plaintiff or in the Alternative to Grant a New Trial or to Reopen the Case to Permit Introduction of Further Testimony and Documentary Evidence Bearing on the Issues." With this motion appellant filed an exhibit that gave further support to her claim of Florida domicile. Because of illness Judge Goldsborough was unable to act on the motion. On June 17 he died.

Appellant moved for a new trial because of the death of the trial judge. The District Court denied this motion and dismissed the complaint. The appeal is from that judgment.

Apart from Fed. Rules Civ. Proc. Rule 63, 28 U.S.C.A. which, in some circumstances, permits certain duties to be performed by another judge when the judge before whom an action is tried has died or became disabled, appellant would plainly have been entitled to have the motion she filed on June 15, in the lifetime of Judge Goldsborough, decided by him. We need not decide whether his recorded oral rulings might be considered findings of fact and conclusions of law, so that if the motion of June 15 had not been filed another judge would have been authorized to perform the duties that remained to be performed after the death of Judge Goldsborough. If so, a new trial would nevertheless have been granted under Rule 63 if the other judge had been satisfied that he could not perform those duties. The Rule thus shows a generous attitude toward a new trial when the trial judge dies before the case is disposed of.

We do not know whether Judge Goldsborough would have denied the motion of June 15 or, in the light of the additional evidence it offered, would have changed

his previously expressed views regarding appellant's domicile. Because he had heard the witnesses he was better qualified than another judge to determine the credibility and weight of the evidence, and appellant's motion might have had more significance to him. In view of these considerations, we think Rule 63 should not be interpreted so broadly as to dispense with the necessity of a new trial upon the death of the trial judge.

Reversed.