David E. LEVER, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 895 Docket 34862.

United States Court of Appeals,
Second Circuit.

Argued May 14, 1971.

Decided June 1, 1971.

Sol Lefkowitz, New York City, for plaintiff-appellant.

Stanley H. Wallenstein, Asst. U.S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D., of New York, and Joseph P. Marro, New York City, of counsel), for defendant-appellee.

Before FRIENDLY, Chief Judge, WATERMAN, Circuit Judge, and ZA-VATT, District Judge.*

PER CURIAM:

Plaintiff David E. Lever brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., to recover damages for injuries resulting from alleged acts of negligence and medical malpractice in connection with a series of operations he underwent at the Manhattan Veterans Administration Hospital in 1962. In a characteristically thorough opinion the late Judge Herlands denied Lever's claims and ordered his complaint to be dismissed. 300 F.Supp. 881 (S.D.N.Y.1969). On July 15, 1969, judgment was entered accordingly. Nine days later Lever moved the court, pursuant to F.R.Civ.P. 52(b), to amend its findings or for additional findings and to amend the judgment accordingly and, pursuant to F.R.Civ.P. 59, for a new trial on the grounds that the judgment was contrary to law, to the evidence, and to the weight of the evidence. On August 28, 1969, while these motions were pending, Judge Herlands died. Lever's counsel subsequently submitted an affidavit suggesting that this provided an additional reason for a new trial. On February 27, 1970, Judge Bryan denied the motions in all respects. Lever appealed, attacking Judge Herlands' decision on the merits and contending that because the judge had given substantial weight to his evaluation of the credibility of the witnesses, see, e.g., 300 F.Supp. at 890, 893, 897, 899, 900, 905, Judge Bryan could not properly rule on the motions under F.R.Civ.P. 63.

* Of the District Court for the Eastern District of New York, sitting by designation.

Rule 63 of the Federal Rules of Civil Procedure provides:

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

As mere statement of the rule makes clear, once an action has been tried and findings of fact and conclusions of law with respect thereto have been filed, the sound general principle is that in the interests of judicial economy post-trial motions may be handled by another judge if the trial judge is unable to pass on these, and a new trial need not be granted. Only if the second judge is satisfied that he *cannot* perform the duties imposed on him by the Federal Rules of Civil Procedure with respect to the particular case before him may he, in his discretion, grant a new trial. As Judge Holtzoff stated in ruling on motions for a judgment notwithstanding the verdict and for a new trial in a railroad crossing collision case, pursuant to F.R.Civ.P. 63:

> It is well established that if the trial judge dies after the jury returns a verdict but before a motion for judgment notwithstanding the verdict or a motion for a new trial is heard or decided, another judge may pass upon such applications. \* \* \* An exception arises only if the successor finds that he cannot satisfactorily perform such a function by reason of the fact that he did not preside at the trial, or for some other reason. No such unusual situation emerges in the case at bar. This case is not within the exception.

Miller v. Pennsylvania R.R. Co., 161 F. Supp. 633, 636 (D.C.D.C.1958). *See also* Matanuska Valley Lines, Inc. v. Neal, 229 F.2d 136, 138 (9 Cir. 1955); Lashbrook v. Kennedy Motor Lines, Inc., 119 F.Supp. 716, 717 (W.D.Pa.1954).

The case before us is an especially clear one for the salutary application of the general rule, since the trial judge made elaborate findings of fact and specifically noted his evaluation of the credibility of the witnesses, thus enabling another judge to examine the record with a discriminating eye. Judge Bryan was "fully satisfied" that he could perform all the duties of the court which were required to decide plaintiff's motions and perceived "no reason whatever" why he could not decide them. Nor do we. The cases cited by plaintiff in which a new trial has been granted after the death of the trial judge, Federal Deposit Insurance Corp. v. Siraco, 174 F.2d 360 (2 Cir. 1949) and Brennan v. Grisso, 91 U.S.App.D.C. 101, 198 F.2d 532 (1952), are not to the contrary. *Siraco* was a case in which the deceased trial judge had rendered no decision at all, thus removing it from the application of Rule 63, and the parties had stipulated that the actions be referred to another judge for determination on the trial record. And although the *Brennan* court spoke of the "generous attitude" the Rule shows towards a new trial when the trial judge has died before the case has been disposed of—a view not entirely consistent with the one we take here, or with that followed in other cases we have cited, or with the language of the Rule as we read it—there the trial judge had expressed only his oral opinion with respect to the proper disposition of the case so that, in contrast to the instant case, the second judge did not have the benefit of comprehensive findings of fact or explicit judgments with respect to the credibility of witnesses.

With respect to the merits, while we are not without sympathy for plaintiff's

misfortune, we affirm on the well-considered opinion of Judge Herlands. 300 F.Supp. 881 (S.D.N.Y.1969).

Judgment affirmed.