In re POTTER INSTRUMENT COMPA-
NY, INC., and Potter Data Products
Corp., Debtors.

POTTER INSTRUMENT COMPANY,
INC., and Potter Data Products
Corp., Plaintiffs,

v.

PERFORMANCE IMPROVEMENT
SYSTEMS, INC., and Donald A.
Norberg, Defendants.

Bankruptcy Nos. 75–B–864, 75–B–877.

United States Bankruptcy Court,
E. D. New York,
at Westbury.

Nov. 10, 1981.

Jules V. Speciner, Great Neck, N. Y., for debtor.

Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., for Donald A. Norberg; James G. Meade, Great Neck, N. Y., of counsel.

ROBERT JOHN HALL, Bankruptcy Judge.

Donald A. Norberg (the "defendant") moves for an order directing the Clerk to enter a judgment which the defendant contends was rendered in his favor by the late Judge Rudin on April 12, 1978. The motion is denied.

*Background*

Potter Instrument Company, Inc. ("PICO") and its wholly owned subsidiary

Potter Data Products Corp. ("PDS") (collectively the "plaintiffs") filed petitions for arrangement under Chapter XI of the Bankruptcy Act on April 18 and April 22, 1975 respectively. The defendant, as a former employee of both corporations, was owed approximately $20,000.00 for which he filed proofs of claim. Subsequently, Performance Improvement Systems, Inc. ("Performance"), a closed corporation allegedly formed and controlled by the defendant, contracted for and accepted delivery of $48,000.00 worth of equipment from the plaintiffs. In December 1977, when payment was not forthcoming, the plaintiffs commenced suit against Performance in this Court. Performance appeared and moved to dismiss for lack of jurisdiction. The plaintiffs then filed an amended and supplemental complaint adding a second cause of action sounding in fraud against the defendant personally. The graverman of the complaint was that the defendant formed Performance and contracted with the plaintiffs through it without any intention of paying for the equipment, but rather, with the intention of off-setting his own pre-petition debt, thereby recouping it.[1] Both Performance and the defendant defaulted in answering. A default judgment was entered on February 23, 1978 against Performance for $48,000.00 plus interest and costs. In addition, the judgment severed the fraud cause of action against the defendant and set it down for an inquest on March 13, 1978.

At the inquest, the plaintiffs called the general manager of PICO as their sole witness who testified as to the facts surrounding the creation of the equipment contract and the defendant's involvement therein. The plaintiffs then moved for judgment whereupon the following colloquy transpired:

THE COURT: So, there doesn't seem to be any question this Performance Company owes that money, but I don't think, through this witness, you haven't made out a case in fraud against the individual.

MR. SPECINER: If Your Honor please, I would respectfully differ. I think that in view of the fact that it was established that at the time of the transaction, Norberg was a creditor, and that there is money due him, and in view of the conversation that occurred after the default in payment, it was clearly he did not intend to pay for these sales.

THE COURT: I can't make such a finding.

MR. SPECINER: I don't know what else I can offer to satisfy the measure of proof at this point.

THE COURT: You have to show that at the time he made these purchases for this corporation, that he had no intention of paying for it.

MR. SPECINER: I realize that.

THE COURT: But there is nothing here to establish that.

MR. SPECINER: It's a state of mind.

THE COURT: Through the witness' testimony, there is nothing there to establish that.

MR. SPECINER: Perhaps I might brief the issue of promissory fraud. I believe it's a state of mind which can be inferred from subsequent actions. May we mark it submitted with a brief to be submitted?

THE COURT: All right. You're excused.

Transcript, April 12, 1978, Pg. 16–18.

Judge Rudin's term of office expired in July of that year without his filing or announcing any further judicial action in the case.

In the interim, Performance appealed the default judgment to the District Court, which affirmed in an opinion by Chief Judge Mischler. *In re Potter Instrument Company*, No. 78C–1038 (E.D.N.Y. August 1, 1978).

Finally, in April 1981, this case having been referred to myself, the defendant, tak-

---

1. The plaintiffs allege that the equipment was immediately transferred to unknown third par-    ties.

ing the position that Judge Rudin had dismissed the fraud cause of action at the 1978 inquest for a failure to state a *prima facie* case, moved under Bankruptcy Rule 921 for an order directing the Clerk to enter judgment in his favor. The plaintiffs responded by suggesting that this Court never acquired summary jurisdiction over the defendant, thereby making any judgment rendered void. The Court finds both parties mistaken.

### Jurisdiction

Section 2(a)(7) of the Bankruptcy Act invested the bankruptcy courts with jurisdiction to: "determine controversies in relation [to the estates of bankrupts] except as herein otherwise provided." 11 U.S.C. § 11(a)(7) (repealed by the Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, 92 Stat. 2549 (1978)). Section 23 limited that jurisdiction by providing that the bankruptcy courts have summary jurisdiction to adjudicate "proceedings under this Act," while *"unless by consent of the defendant,"* it is only the district courts which have jurisdiction over "controversies at law and in equity." *Id.* at § 46 (emphasis added). *See generally* 2 *Collier on Bankruptcy* ¶ 23.01 *et seq.* (14th ed. 1976).

The plaintiffs, contending that their cause of action against the defendant was not based on any property within the actual or constructive possession of the Bankruptcy Court, argue that it was therefore, beyond the Court's summary jurisdiction. Furthermore, although conceding, as they must, that a defendant may consent to this Court's jurisdiction, they maintain that no such consent was present here. Their argument is that the defendant's only participation in the case was his filing of proofs of claim for his wage debt. This wage debt and the fraud charge, they argue, did not relate to the same transactions. Consequently, they conclude, the filing can not be interpreted as an implied consent to jurisdiction. This, of course, ignores the present motion.

█ Consent to summary jurisdiction can be manifested in one of several ways. It may be (1) express, (2) by waiver through a failure to object, *see* 11 U.S.C. at § 2(a)(7); Fed.R.Bankr.P. 915, or (3) implied from a willingness that the claim be determined by the bankruptcy court. 2 *Collier on Bankruptcy* at ¶ 23.08[1]; *see, e. g., Gramil Weaving Corp. v. Raindeer Fabrics,* 185 F.2d 537, 540 (2d Cir. 1950); *Slocum v. Edwards,* 168 F.2d 627, 631 (2d Cir. 1948); *Brooklyn Trust Co. v. Kelby,* 134 F.2d 105, 111 n.13 (2d Cir.), *cert. denied,* 319 U.S. 767, 63 S.Ct. 1330, 87 L.Ed. 1717 (1943). *In re Panama-Williams Corporation,* 235 F.Supp. 729, 732–33 (S.D.Tex.1964); *In re Engineers Oil Properties Corporation,* 72 F.Supp. 989, 990 (S.D.N.Y.1947). Moreover, where the bankruptcy court's jurisdiction has been so invoked, the trustee cannot be heard to object. *Hyman v. McLendon,* 140 F.2d 76, 78–79 (4th Cir.) *cert. denied,* 322 U.S. 739, 64 S.Ct. 1055, 88 L.Ed. 1572 (1944).

█ In the instant case, the defendant has moved that a judgment allegedly rendered in his favor on the merits be entered. This Court can conceive of no act more indicative of a willingness to invoke its jurisdiction. Consequently, even assuming, arguendo, that this Court did not have summary jurisdiction prior to this motion, the Court finds that it now has that jurisdiction.

### Entry of Judgment

█ Bankruptcy Rule 921 provides that every *judgment* rendered by a bankruptcy judge shall be entered on his docket. Fed. R.Bankr.P. 921 (emphasis added). Furthermore, Rule 58 of the Federal Rules of Civil Procedure provides that "upon a *decision* by the court ... that all relief shall be denied, the clerk ... shall forthwith prepare, sign and enter the judgment ...." Fed.R. Civ.P. 58 (emphasis added). The defendant, claiming that a judgment was rendered in his favor by Judge Rudin at the April 1978 inquest, seeks to invoke these rules.

While the Court has serious reservations as to the applicability of Rule 58 in bank-

ruptcy proceedings,[2] it need not decide that issue. As the minutes of the inquest quoted *supra* indicate, Judge Rudin did not then render a *decision* or *judgment*. Rather, the decision was reserved and not decided during his term in office. Furthermore, although Judge Mishler's opinion affirming the default judgment entered against Performance does state that Judge Rudin had dismissed the fraud charge against the defendant, *see In re Potter Instrument Company* at 4, as the next sentence of the opinion indicates, Performance was the only appellant. Therefore, the Court concludes that the statement in question was intended only as general background information and was in no way intended as a holding vis-a-vis the fraud charge. Consequently, at this point, this is no decision or judgment to enter.

### Trial De Novo

██ Having concluded that this Court has jurisdiction of the defendant and the fraud charge against him and having determined that Judge Rudin never rendered a decision on that count, the Court finds itself in a somewhat awkward position apparently uncontemplated by the parties. Neither party has requested this Court to decide the issues Judge Rudin reserved; neither party has requested a new trial. Accordingly, the Court hesitates to proceed any further in this opinion, yet in the interests of judicial administration feels compelled to do so.

The unavoidable next question is can this Court decide the issues Judge Rudin reserved, or must there be a new trial?

Rule 63 of the Federal Rules of Civil Procedure specifies the circumstances under which a successor judge may perform the unfinished duties of his disabled predecessor.[3] The crucial event, however, which allows this substitution is the filing of findings of fact and conclusions of law by the disabled judge prior to his disability. *In re Schoenfield*, 608 F.2d 930, 935 (2d Cir. 1979).

In *Schoenfield*, the Court in commenting on prior Second Circuit cases stated:

In our view, the Court's[4] reasoning can fairly be read to imply that had it been necessary for the second referee, who did not see and hear the witnesses, to make findings that were important to the decision of the case, a new trial would have been required.

*Id.* Furthermore, in commenting on *Bromberg v. Moul*, 275 F.2d 574 (2d Cir. 1960), the *Schoenfield* Court stated:

Again there appears to be implicit in the decision the assumption that it would not have been appropriate for the second judge to resolve these material issues by finding the requisite facts on the basis of the record of a trial that he had not personally observed.

608 F.2d at 935; *accord, Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711, 713 (6th Cir.

---

**2.** Although *Collier* takes the position that Rule 58 applies in bankruptcy proceedings, 2A *Collier on Bankruptcy* ¶ 25.06 (14th ed. 1978), the cases relied on for this proposition all pre-date the Federal Rules of Bankruptcy Procedure, *see In re California Associated Products Co.*, 183 F.2d 946, 949 (9th Cir. 1950); *In re D'Arcy*, 142 F.2d 313 (3rd Cir. 1944). These cases relied on General Order 37. General Order 37, however, was abrogated by order of the Supreme Court of the United States dated April 24, 1973, effective October 1, 1973. Furthermore, as the Advisory Committee Note to Bankruptcy Rule 921 indicates, Rule 921 was derived from Rule 58. This coupled with the lack of any further Bankruptcy Rule analog to Rule 58 would indicate the intention that it was to be incorporated only to the extent it is presently stated in the Bankruptcy Rule.

**3.** If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact and conclusions of law are filed*, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.
Fed.R.Civ.P. 63 (emphasis added). The Second Circuit recently held this rule inapplicable in bankruptcy proceedings. *In re Schoenfield*, 608 F.2d 930, 933 (2d Cir. 1979). Having so concluded, however, the Court then proceeded to apply it by analogy. *See id.*

**4.** *Giffin v. Vought*, 175 F.2d 186 (2d Cir. 1949).

1977); *Brennan v. Grisso*, 198 F.2d 532, 533 (D.C.Cir.1952) (per curiam).

Applying the foregoing to the case at bar, the Court notes that the primary issues reserved were the defendant's state of mind when the equipment was ordered and the sufficiency of the evidence presented to establish that. Although Judge Rudin clearly indicated that he felt the offered testimony to be insufficient to establish the defendant's lack of intent to pay, he just as clearly rereserved his decision. Unfortunately, Judge Rudin gave no indication as to what extent this predilection was based on his evaluation of the general manager's credibility. Accordingly, based on the authority of *In re Schoenfield*, the Court feels compelled to order a new trial. *Cf. Brennan v. Grisso*, 198 F.2d 532 (D.C.Cir.1952) (per curiam) (trial judge said, "the bill of complaint is dismissed," but did not order judgment entered. Held: death of trial judge required new trial).

*Conclusion*

Having concluded that this Court has jurisdiction of the defendant and the fraud charge against him, and having determined that Judge Rudin never rendered a decision on that count and having decided further that a new trial would be required, it is therefore

ORDERED, that the defendant's motion should be and hereby is in all respects denied; and it is further

ORDERED, that within one month of the date hereof, the plaintiffs shall commence legal proceedings or otherwise move in accordance with this opinion.