**Matter of Jean Cook TORRENCE, Alleged Bankrupt.**

**Bankruptcy No. 3964.**

United States District Court
D. Hawaii.

Oct. 8, 1959.

Robert Hogan of Hogan & Howell, Honolulu, Hawaii, for petitioner.

Richard D. Welsh, Honolulu, Hawaii, for respondent and alleged bankrupt.

FOLEY, District Judge.

Petitioner's motion for a new trial or, in the alternative, to amend or alter judgment came on for hearing September 22, 1959. Near the conclusion of the morning session, Mr. Robert G. Hogan, of counsel for petitioner, requested and was granted continuance to enable him to appear in a matter previously scheduled in the Circuit Court of the State. On September 28, 1959, the hearing on the motion was resumed. The last hearing concluded with the Court's declaration that "the motion is denied." The Court then directed counsel for alleged bankrupt to prepare an appropriate Order, however, before he responded to the Court's request, counsel for petitioner and movant submitted a form of Order together with an excerpt from proceedings had on September 28, 1959.

For the purpose of showing the basis of the Court's conclusion that movant here was seeking a review by this Judge of the decisions and rulings of Judge McLaughlin on questions of law and not seeking a new trial, the said excerpt and one from the proceedings of September 22, 1959, are hereafter set forth.

At the hearing on September 22, 1959, the following occurred:

"Court: You say I am in an unfortunate position. It may be that you are, too, because I think an ordinary judge of the same jurisdiction is a little bit squeamish, you might say, about disturbing the judgment of another judge who has passed on the same matter and the same law. I don't know if the question of law comes into this case or not.

"Mr. Hogan: I feel that it does and I might say that if I felt it was turning on a fact question that I would not have filed a motion, because I appreciate that in the nature of being what it is, people don't generally change their minds on the disposition of fact, the question of fact.

\* \* \* \* \* \*

"Mr. Hogan: I might say that I tried—and the Court will note in the record—I tried to get a hearing before Judge McLaughlin and it was set before statehood day and Mr. Welsh was unable to be here in court at that time, so it was taken off and statehood came along. So Judge McLaughlin didn't have a crack at it. I can't say what he would do with it but I have a feeling that the law is such in this case that I think he might be forced to reverse his position as a matter of law despite any disposition fact-wise that he might have made. Anyway, I will proceed.

\* \* \* \* \* \*

"Court: Let me understand right there, why would a new trial be appropriate or necessary if you just raise questions of law?

"Mr. Hogan: I don't think it will be, your Honor.

"Court: You find no error in the findings of the Court on the facts?

"Mr. Hogan: Yes. I merely point out—

"Court: You are not attacking the findings of the Court?

"Mr. Hogan: I am not attacking the findings of fact although I don't agree with some of them.

"Court: Then we merely have the question whether the judgment was erroneous as a matter of law?

"Mr. Hogan: Correct.

"Court: We couldn't solve that problem at all by ordering a new trial, could we?

"Mr. Hogan: No, we could not. Perhaps the best way to approach this thing is relying on the state of the pleadings.

\* \* \* \* \* \*

"Court: Tell me first if you will—I don't want to disturb your line of argument—tell me what errors of law do you claim?

"Mr. Hogan: I claim, first, that the Court erred as a matter of law and I have set that out in my memorandum which is in the file here."

From the proceedings of September 28, 1959:

"Court: There are two things that are bothering me—three things: The propriety of it, the question of, you might say, judicial courtesy coming into it, and then the question of the law of the case—the law of this case has been established—then another question is the one we are now talking about, the extent to which we might define this word 'alter,' whether it would include 'reversal.'

"Mr. Hogan: I would like to say this as to the first point: I think it has no place in the law, I mean it exists, judicial courtesy, but—

"Court: Well, we have got a court of appeal, and I am not going to put myself in the position where I have to be going about the country overturning judgments of other trial judges.

"Mr. Hogan: I appreciate your feeling in the matter and all that.

"Court: I won't do it.

"Mr. Hogan: But we are here in a court of law.

"Court: There is a court of appeals.

"Mr. Hogan: Well, we are here in this district court under a rule permitting our filing of a motion to alter or amend a judgment. We are here, also, before you, your Honor, as a judge authorized under Rule 63 to act in the matter. Now, judicial courtesy has—

"Court: You agreed that there would be no purpose in ordering a new trial.

"Mr. Hogan: I didn't.

"Court: You did. You accepted the issues of fact here.

"Mr. Hogan: Oh, yes, on this level.

"Court: There is no controversy over the findings of fact.

"Mr. Hogan: At this level, yes.

"Court: What?

"Mr. Hogan: If we do appeal, we would take issue with one or two findings of fact. We don't have to, because on the face of the record Judge McLaughlin was * * * wrong on the main legal issues.

"Court: Well, you have said in effect more than once that there would be no reason why a new trial should be granted. You are urging this alter of judgment and I am not going to grant it, so I am going to deny your motion and you can take the case to the court of appeals where I think it belongs. I am not going to put myself in a position of ruling on the legal conclusions or judgments of other judges who are on the same plane that I am. I am at a trial judge level. I am not going to do it. So the motion is denied. Now, at least, we will find out what a trial judge should do and should not do when we hear from the court of appeals."

■ An examination of memorandum in support of petitioner's motion for new trial or, in the alternative, to amend or alter judgment lends strength to the Court's view that the attack on Judge McLaughlin's ruling is based only on claimed errors of law. The Court declines to review questions of law passed upon by Judge McLaughlin but it may be well to note in passing that counsel may have overlooked an authority which the Court feels supports Judge McLaughlin's ruling on the question of shifting of burden of proof in bankruptcy.

Under circumstances somewhat like those disclosed by Judge McLaughlin's opinion, findings of fact and conclusions of law, the Circuit Court of Appeals in Starfred Properties, Inc. v. Ettinger, 2

Cir., 131 F.2d 575, 576, had the following to say:

"(4) Here the alleged bankrupt did appear and was examined extensively before the court and jury. He produced at least one book of account, of some respectability for a small business, which, among other things, showed some alleged loans at the commencement of business, about which he could have been, but was not, cross examined. He also produced some checks and a savings bank account and an income tax return for 1939. This led to a demand for the 1941 return, and the incident which seemingly is petitioner's case. For when the court overruled respondent's objection to this demand, respondent said, 'My lawyer has them all'; and then his counsel, in response to the direct question whether he had the 1941 return, answered, 'I have not, sir.' The matter was not pursued further by anyone. We certainly are not disposed to hold this vague interchange as to this one document a showing of failure 'so to do,' or, as the statute previously read, 'to so attend and submit to examination,' sufficient to put the burden of proving solvency upon respondent."

■ There being no dispute here as to the correctness of the findings of fact, granting a new trial under the provisions of either Rule 59 or Rule 63, Fed.Rules Civ.Proc., 28 U.S.C.A., would be a futile act.

Then remains the question: Should this presently presiding Judge examine the decisions and legal conclusions in this same case of Judge McLaughlin, whose tenure of office terminated upon the admission of the State of Hawaii into the Union?

District Judge McVicar, W.D.Pa., Sutherland Paper Co. v. Grant Paper Box Co., D.C., 9 F.R.D. 422, in the same unique situation in which I find myself, stated and quoted as follows:

"In his Conclusions of Law, Judge Gibson found, inter alia, that Claim 3 of the patent in suit was valid to the extent of the specification and that the patent was not infringed by the plaintiff. *Judge Gibson retired as Judge of this court January 31, 1949.*

"On February 4, 1949 defendants filed the aforesaid motion under Rule 59. The reasons in support of the motion are in substance that defendants were injured in the Court's abuse of its discretion in the denial of pre-trial discovery of certain matters and in its denial of a continuance. * * *

"In Jurgenson v. National Oil & Supply Co., et al., 63 F.2d 727, 728, the Third Circuit Court of Appeals in its opinion in a proceeding involving the vacation of the appointment of a Receiver, stated that: 'Turning to the alleged error in refusing to vacate the appointment of a receiver, the application was made to Judge Fake to vacate an appointment made by Judge Clark. It is well settled that a judge may not overrule a prior decision of another judge of the same court in the same case, and, under the authorities, the court is justified in refusing such an application.'

"In re Hines et al., 88 F.2d 423, 425, the Circuit Court of Appeals for the Second Circuit stated: 'But to submit the same controversy to a different district judge was wholly unwarranted. It is well established that a judge may not overrule the decision of another judge of co-ordinate jurisdiction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction.' * * *

"The motion for a new trial or to re-open should be refused for the

reason that to hold otherwise would require a reversal of rulings made by Judge Gibson; * * *."

The foregoing is not in conflict with Judge McLaughlin's ruling in United States v. Inter-Island Steam Navigation Company, Ltd., D.C.Hawaii, 87 F.Supp. 1010. There he declined to follow a ruling of Chief Judge Delbert E. Metzger of the same court. That case is to be distinguished from the present one, however. Judge Metzger's ruling was not handed down in the same case then under consideration by Judge McLaughlin.

Now, therefore, for the reasons appearing above, it is

Ordered, adjudged and decreed that petitioner's motion for new trial or, in the alternative, to amend or alter judgment be, and the same hereby is, denied.