Consideration has been given to the request which the defendant filed on July 6, 1976, and which asks the review panel to amend its report dated June 22,1976, by substituting “a party seeking to secure the reversal of a determination made by a trial commissioner in such a case has the burden of establishing that the determination is not supported by a preponderance of the evidence”[1] for the following statement appearing on page 2 of the review panel’s report:
* * * a party seeking to secure the reversal of a determination made by a trial commissioner in such a case has the 'burden of establishing that such determination is clearly erroneous. It is not sufficient to show that the record would justify some alternative determination.
It is appropriate to note that although the defendant requests a modification of certain language used in the review panel’s report, the defendant’s motion states that “defendant is content to rest with” the result reached by the review panel *669 in its report. Hence, no change is sought in the review panel s ultimate advice to the Senate.
The review panel does not regard the standard proposed by the defendant as appropriate for application in congre-sional reference cases. Statements by the Court of Claims to the effect that factual determinations by commissioners (trial judges) will he overturned by the court if such determinations are not supported by the weight or the preponderance of the evidence (e.g., Miller v. United States, 168 Ct. Cl. 498, 501, 339 F. 2d 661, 662 (1964); Bringwald v. United States, 167 Ct. Cl. 341, 347, 334 F. 2d 639, 643 (1964); and dissenting opinion by Judge Davis in Hebah v. United States, 197 Ct. Cl. 729, 753, 456 F. 2d 696, 710, cert. denied, 409 U.S. 870 (1972)), all relate to the performance by commissioners of functions under 28 U.S.C. § 2503. That section authorizes commissioners to perform limited judicial fmictions in connection with the handling of cases in the constitutional sense. As commissioners are not constitutional judges, they are only authorized to “report findings of fact” to the court, and to submit to the court “recommendations for conclusions of law.” The findings of fact which they report, and the conclusions of law which they recommend, have no judicial force and effect unless and until they are 'adopted by the court, which is composed.of constitutional judges charged by 28 U.S.C. § 175(c) with the duty to determine the facts and the law in cases subject to the court’s jurisdiction.
Trial commissioners have an entirely different status in the handling of congressional reference cases under 28 U.S.C. § 2509. In that situation, Congress has provided as follows:
(c) The trial commissioner to whom a congressional reference case is assigned by the chief commissioner shall proceed in accordance with the applicable rules to determine the facts * * *. He shall append to his findings of fact conclusions sufficient to inform Congress whether the demand is a legal or equitable claim or a gratuity, and the amount, if any, legally or equitable [sic] due from the United States to the claimant. [Emphasis supplied.]
Thus, in a congressional reference case, Congress has vested in a trial commissioner the statutory authority to determine facts and to append his conclusions drawn from *670 such facts, as distinguished from reporting facts and recommending conclusions to the court for adoption or rejection. Of course, the findings and conclusions of a trial commissioner in a congressional reference case are subject to review by a review panel, but the latter performs only a review function. In view of the statutory language quoted in the-preceding paragraph, it is believed that the relationship between a trial commissioner and a review panel in a congressional reference case is more nearly comparable to that between a district judge and a Court of Appeals than it is to' the relationship between a commissioner and the Court of Claims under 28 U.S.C. § 2503.
The defendant’s motion quotes the following statement made by another review panel in a footnote (Burt v. United States, 199 Ct. Cl. 897, 901 (1972)) :
3 Claimants err in contending that this court’s Rule' 147(b) requires affirmance of a trial commissioner’s factual determination unless they are found to be “clearly-erroneous.” Cf. Rule 52(a), Fed. R. Civ. P. Though Rule 147(b) in terms accords presumptive correctness to the trial commissioner’s findings of fact, such findings will only be adopted on review if supported by a preponderance of the evidence [citing cases].
The cases cited in the Burt footnote involved factual findings reported by commissioners to the Court of Claims in accordance with 28 U.S.C. § 2503. As indicated previously in this opinion, a commissioner’s role in reporting findings of fact to the court for determination by the latter is entirely different from a trial commissioner’s function of determining' facts in a congressional reference case under 28 U.S.C. § 2509 (c). This difference was not discussed in the Burt footnote. Also, although the chief commissioner has made the court’s Rule 147(b) — which states that the findings of fact made by a commissioner (trial judge) shall be presumed to be correct — applicable to congressional reference cases, there is nothing to indicate that the chief commissioner intended for a review panel, in exercising its purely review function, to apply to a trial commissioner’s factual determinations the same standard that would be applied by the Court of Claims in considering factual findings reported to the court by’ a. commissioner for determination by the court.
*671 As previously stated in this opinion, the present review panel believes that the relationship between a trial commissioner and a review panel is more nearly comparable to that between a district judge and a Court of Appeals than it is to the relationship between a commissioner and the Court of Claims under 28 IJ.S.C. § 2503. Accordingly, it is our opinion that, in reviewing the factual determinations of a trial commissioner in a congressional reference case, it is more appropriate for a review panel to apply the “clearly erroneous” standard (see FED. R. CIV. P. 52(a)) than it would be to apply the “preponderance of the evidence” standard proposed by the defendant.
With respect to the “clearly erroneous” standard, review panels may appropriately be guided by what the Supreme Court has said in Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969) :
In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues de novo. The authority of an appellate court, when reviewing the findings of a judge * * *, is circumscribed by the deference it must give to decisions of the trier of the fact, who is usually in a superior position to appraise and weigh the evidence. The question for the appellate court under Rule 52(a) is not whether it would have made the findings the trial court did, but whether “on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed” [citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), and other cases.]
it is therefore orbered that the defendant’s request for reconsideration shall be, and it is hereby denied.
Filed August 25, 1976
by the review panel :
The Chief Commissioner, in an order dated August 17,1976, instructed the review panel that Court of Claims Rule 147 (b), 'as adopted for congressional refer *672 ence cases by the Chief Commissioner’s General Order of September 1, 1969, should be construed as requiring “the review panel to preponderate the evidence in review of the findings of fact of the trial commissioner in this Congressional reference case”; and the Chief Commissioner directed the review panel to reconsider its report of June 22, 1976, in the light of such construction.
It is concluded, upon reconsidering the case in the light of the standard prescribed by the Chief Commissioner, that the parties have failed to meet their burden of establishing that the trial commissioner’s determinations to which they respectively object are contrary to the. preponderance of the evidence. This has been conceded by the Government, which stated in its motion of July 6, 1976, that “defendant is content to rest with” the result reached by the review panel in the report of June 22,1976, although the Government argued in the motion that the “preponderance of the evidence” standard should have been applied by the review panel. The plaintiff, in its response of July 19, 1976, also expressed satisfaction with the result reached 'by the review panel in the original report.
Therefore, it is not a matter of any practical importance in this case whether the trial commissioner’s determinations are reviewed on the basis of the “clearly erroneous” standard mentioned in the original report or on the basis of the “preponderance of the evidence” standard prescribed by the Chief Commissioner for retroactive application. In any event, the review panel affirms and adopts the trial commissioner’s report and advises the Senate that Datronics Engineers, Inc., has an equitable, but not a legal, claim against the United States, and that the amount equitably due the claimant from the United States is $23,752.