ARROW–HART, INC., et al., Appellants,

v.

PHILIP CAREY CO., Appellee.

No. 76–2297.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 14, 1976.

Decided April 7, 1977.

Robert Cetrulo, Covington, Ky., for Arrow-Hart.

William H. McCann, Lexington, Ky., for Fisk-Rinehart.

W. Roger Fry, Cincinnati, Ohio, for B&E Roofing Co.

William O. Bertelsman, Bertelsman & Bertelsman, P.S.C., Newport, Ky., for Covert Hills.

R. Joseph Parker, Cincinnati, Ohio, for appellee.

Before PHILLIPS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

This is a diversity of citizenship case involving an alleged breach of contract. The litigation concerns a roof installed on a building in Boone County, Kentucky, originally costing almost a million dollars. The events out of which the litigation arises occurred during the years 1967–1969.

The case was tried before United States District Judge Mac Swinford, sitting without a jury, in 1974, and required 19 trial days and an additional 18 days for deposi-

tions. At the end of the testimony, Judge Swinford prescribed a schedule for filing briefs after the completion of the transcript. After the transcript of approximately 5,000 pages had been completed, but before all the briefs were filed, Judge Swinford died on February 3, 1975, without having made any findings of fact or conclusions of law.

The case was reassigned to District Judge Eugene E. Siler, Jr. The plaintiffs and four of the five defendants filed a motion with Judge Siler urging as follows:

1. To decide the case on the transcript of the former trial without necessitating another trial.

2. If there has to be a second trial, to allow transcripts from the prior trial to be used the same as depositions of witnesses who otherwise qualify, that is, under Rule 32(a)(3), Federal Rules of Civil Procedure, where they either live outside the Eastern District of Kentucky, or reside one hundred miles from the place of holding the trial, or cannot be procured otherwise by the parties.

3. If a second trial is necessary, to allow the same witnesses to adopt their prior transcribed testimony by reference in accordance with Rule 803(5) or (24), Federal Rules of Evidence, limiting cross-examination to any new matters raised.

Philip Carey Co., the fifth defendant, refused to agree that Judge Siler decide the case on the transcript of the former trial without necessitating another trial, and insisted that the death of Judge Swinford without having made findings of fact and conclusions of law necessitates a new trial. At a pre-trial conference, the parties indicated that they would expect to use the same witnesses who testified at the prior trial, and that a second trial would be expected to last as long as the first.

In a memorandum opinion filed May 6, 1976, Judge Siler overruled the first and third grounds of the above-quoted motion on the authority of Fed.R.Civ.P. 63.[1]

In a memorandum opinion filed May 6, 1976, Judge Siler said:

The undersigned Judge is satisfied that he can render judgment on the prior transcript and upon any additional testimony that may be presented, but he feels that he has no discretion in the matter. Since Rule 63 specifies that a new Judge may act where the previous Judge had already made findings of fact and conclusions of law, it follows that if the prior Judge had not made those findings and conclusions, then a new trial is required.

The District Court certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and leave to appeal was granted by this court.

The plaintiffs and four defendants urge this court to order Judge Siler to dispose of the case on the evidence already on file, in conformity with the purpose of the Federal Rules of Civil Procedure as set forth in Rule 1, which provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

■ Philip Carey contends that the District Court was correct in ruling that Rule 63 allows no discretion in the matter and that a new trial is necessary.

At the oral argument of this case, this court pointed out to local counsel for Philip Carey that the United States District Court for the Eastern District of Kentucky has only three District Judges with a heavily congested docket; and that it would facilitate the dispatch of judicial business in the district if Philip Carey would join the other parties in agreeing that the case be submitted on the evidence contained in the transcript, with an opportunity for the par-

---

1. *Rule 63. Disability of a Judge*

If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other

judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but, if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

ties to supplement the record with additional testimony. This court requested that the local attorney for Philip Carey communicate with house counsel for the corporation and ascertain if it would be possible to reach an agreement to that effect. We have been informed by Cincinnati counsel that the request of the court was submitted to the client, along with a summary of the court's comments, and that Philip Carey has instructed its attorney that he is not authorized to change the position taken by the corporation in the District Court and in this court.

The records of the Administrative Office of the United States Courts show that 2,308 cases, criminal and civil, were filed in the Eastern District of Kentucky during the calendar year 1976, a total of 769 cases per judge, and that the District Court had a backlog of 3,232 civil and criminal cases pending on December 31, 1976.

In the face of this staggering caseload, we are reluctant to hold that District Judge Siler does not have the discretion to dispose of the present case on the basis of the evidence on file, together with any additional competent evidence that the parties may desire to submit.

However, in the absence of unanimous agreement of the parties, and where, as here, there is no oral or written expression of the deceased judge reasonably satisfying the requirements of Rule 52 concerning findings of fact and conclusions of law, we hold that a new trial is required and that Judge Siler was correct in his construction of Rule 63. *Bromberg v. Moul,* 275 F.2d 574 (2d Cir. 1969); *Brennan v. Grisso,* 91 U.S.App.D.C. 101, 198 F.2d 532 (1952); *Cf. Havey v. Kropp,* 458 F.2d 1054 (6th Cir. 1972).

The District Court granted the second ground of the above-quoted motion, ruling that the transcripts of all witnesses in the previous trial who qualify, pursuant to Fed.R.Civ.P. 32(a)(3), may be used as depositions in the retrial of the case. This ruling is attacked on appeal by Philip Carey. We conclude that the District Court did not abuse its discretion in this ruling.

Finally, we point out that this is yet another case demonstrating that the diversity jurisdiction of federal courts is an anachronism and should be repealed. This case is controlled by Kentucky law and should have been filed and tried in the courts of the Commonwealth. The correction of this problem, of course, is the prerogative of the Congress, not the courts. *See, Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

The decision of the District Court is affirmed. No costs are taxed. The costs of each party in this court will be borne by the respective parties.