Christy Lynn MORTON (a minor) who sues through her parents and next friends, Vernon L. Morton and wife, Martha Nell Morton,

v.

**ORTHO PHARMACEUTICAL CORPORATION, William D. Crawley, M.D.**

Civ.No. 1–80–339.

United States District Court, E.D. Tennessee, S.D.

Oct. 5, 1982.

Richard P. Jahn, Chattanooga, Tenn., for plaintiff.

Francis I. Breazeale, Blake Moore, Hunter S. Allen, Chattanooga, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action for damages allegedly suffered from a drug sold by defendant, Ortho Pharmaceutical Corporation. Plaintiff is also suing defendant, William D. Crawley, M.D., for medical malpractice. Georgia law controls.

This case comes to the Court in the most difficult and tragic of circumstances. The presiding judge, Judge Frank W. Wilson of the Southern Division of this District, died suddenly after trial in the case commenced but before the jury was charged.

Plaintiff has moved this Court for an order directing the trial to proceed and for a judge to be appointed to complete the case. Defendant, Crawley, moves for a mistrial and a new trial. The Court has heard argument on the motions and carefully considered the respective positions of the parties.

The trial of the case began in Chattanooga, Tennessee on September 13, 1982. Judge Wilson had bifurcated the case for trial and was only trying the issue of liability at this time. After presenting ten days of proof, the parties rested on September 28, 1982. Judge Wilson recessed the case for one day and died the night before he was to hear argument and charge the jury. The parties have spent substantial time and money preparing and trying the case. Plaintiff would like the case to proceed with another judicial officer to hear argument, charge the jury, and pass on all remaining matters in the case.

█ The Federal Rules of Civil Procedure and the cases we have been able to review fail to provide the correct procedure to be followed in the situation now before the Court. Rule 53, Fed.R.Civ.P., provides that a successor judge may preside over a case after a verdict has been returned. He may even pass on a substantive motion for new trial even though he did not hear the evidence in a case. *See Berry v. School District of Benton Harbor,* 494 F.Supp. 118 (W.D.Mich.1980); *Cf. King v. United States,* 25 F.2d 242 (6th Cir.1928) (criminal

trial). If he feels that he cannot perform the necessary duties because he did not preside over the trial, a successor may, in his discretion, grant a new trial. Fed.R. Civ.P. 63.

█ If a verdict has not been rendered in a civil case, however, the Rules of Civil Procedure are silent. The Federal Rules of Criminal Procedure provide some guidance. Rule 25(a), Fed.R.Crim.P. provides:

> If by reason of death, sickness or other disability the judge before whom a jury trial has commenced is unable to proceed with the trial, any other judge regularly sitting in or assigned to the court, upon certifying that he has familiarized himself with the record of the trial, may proceed with and finish the trial.

The considerations in a criminal trial are at least as grave as in a civil case, yet a criminal trial would proceed in circumstances such as those present here. The authority to proceed appears to be based on the dichotomy between questions of law and questions of fact. *See United States v. Sundstrom,* 489 F.2d 859, 862 (2nd Cir.1973). In *Sundstrom,* a criminal case was tried to a judge without a jury. He made all the necessary findings of fact before he died. The successor judge found it was proper to proceed with the case and enter conclusions of law. *United States v. Sundstrom,* 359 F.Supp. 1252 (S.D.N.Y.1973). The Second Circuit affirmed. 489 F.2d 859. We think the distinction noted in *Sundstrom* between legal and factual issues is also relevant to this civil case. The legal issues of the charge could be resolved by a successor judge in this civil case as they would be resolved in a criminal trial. The jury, as triers of the facts, have heard the evidence, and should be able to come to a decision based on the law charged by a judge who did not hear the proof.

█ The Sixth Circuit has held that a successor judge may make findings of fact from evidence on file in a non-jury civil case if all parties agree to the procedure. *Arrow-Hart, Inc. v. Philip Carey Co.,* 552 F.2d 711 (6th Cir.1977). Since the judge is

not the factfinder in the present case, we do not think that unanimous consent is necessary, as stated above. Many factors must be weighed in the decision to proceed. The parties' time and expense and the resources of Judge Wilson's Court should be preserved if possible. A jury has faithfully listened to evidence over the past three weeks. Their efforts should not be lost. The legal issues, although allegedly unsettled, should not be unique to a judge familiar with Georgia law. The parties have agreed that if the case is to proceed, a federal judge from Georgia could finish the case if a Georgia judge is able and designated to sit in this District. We also note that it has been several years since the acts that plaintiff challenges took place. It may be an extended period of time before the case could be retried. We are also aware, as Judge Phillips noted in *Arrow-Hart, Inc.*, that a "staggering" number of cases are being filed in this District at this time.

In light of the foregoing, it is ORDERED that plaintiff's motion to proceed be, and the same hereby is, granted. It is further ORDERED that defendant Crawley's motion for a mistrial and a new trial be, and the same hereby is, denied.

Order Accordingly.