**SEA–GATE, INC., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**C.R. No. 2–76.**

United States Claims Court.

March 4, 1983.

Donald L. Mooers, Potomac, Md., for plaintiffs.

James T. Draude, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

This congressional reference case was filed on November 16, 1976, in the United States Court of Claims and was tried over a period of seven months during 1978 and 1979. The transcript of the proceedings exceeds 3,000 pages and the exhibits introduced at trial number more than 1,400. Extensive post-trial briefing and submission of proposed findings of fact took place over the years 1979 to 1982. The judge who presided as the designated hearing officer became ill and subsequently retired before findings of fact and conclusions of law were made.

The case was transferred to the United States Claims Court on October 1, 1982, when the Court of Claims ceased to exist. *See* Federal Courts Improvement Act of 1982, § 403(d), Pub.L. No. 97–164, 96 Stat. 25 (to be codified in 28 U.S.C. § 171 note). On January 25, 1983, the present judge was designated the hearing officer. A status hearing was held February 3, 1983, with counsel for the parties and they represented that they considered the case submitted. They stated that no further evidence is contemplated and briefing is complete unless the court orders otherwise. The parties subsequently filed a joint motion for decision by this court on the record as made and stated that neither desires a new trial.

██ Rule 63(a) of this court, which is substantially the same as Rule 63 of the Federal Rules of Civil Procedure, states:

Disability. If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

The rule obviously contemplates that when a judge has heard the evidence and essentially decided the case by filing findings of fact and conclusions of law and is thereafter unable to perform whatever functions remain before issuance of a final judgment because of death, sickness, or other disability, another judge of the court may do so. Even then, however, the rule allows the newly assigned judge the discretion to decide whether the case should be retried in order properly to discharge his responsibility in arriving at a final judgment. The "disability" contemplated by Rule 63 undoubtedly includes retirement. *Cf. In re Schoenfield*, 608 F.2d 930 (2d Cir.1979) (expiration of bankruptcy judge's term); *see generally*, 7 J. Moore, Moore's Federal Practice, ¶ 63.03 (2d ed. 1979).

■ In this case, because the previously assigned judge had not made findings of fact or reached conclusions of law before he retired, a party would have the right to a new trial before the judge who must find the facts and the law and reach a decision. The few cases which have considered Rule 63 of the Federal Rules of Civil Procedure support this view.

For example, in *Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711 (6th Cir.1977), the court held that where a district judge died before making any findings of fact or conclusions of law, the judge to whom the case was reassigned did not have discretion to decide the case on the transcript of the former trial absent consent of the parties. While the court was reluctant to require a new trial which would add to the already considerable expense of the parties and the caseload of the court when the new judge was satisfied he could render judgment on the transcript, the court concluded that he was nevertheless correct in construing Rule 63 as requiring a new trial absent unanimous consent. *Id.* at 713.

The D.C. Circuit has also taken that position. In *Brennan v. Grisso*, 198 F.2d 532 (D.C.Cir.1952), the presiding judge had said the complaint was dismissed, but had not ordered judgment or filed findings of fact and conclusions of law before his death.

When plaintiff moved for a new trial, the new judge denied the motion and dismissed the case. The Court of Appeals reversed, saying, "The Rule ... shows a generous attitude toward a new trial when the trial judge dies before the case is disposed of." *Id.*

More recently, that court held a successor judge properly exercised his discretion in ordering a new trial rather than entering judgment on his predecessor's oral findings of fact. *Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1981). The court said that "a new trial is probably obligatory, absent consent of the parties," when a trial judge becomes disabled before filing findings of fact and conclusions of law. *Id.* at 268–269.

Similarly, the Second Circuit affirmed a district court order granting bankrupt's request for a new trial when the term of the presiding bankruptcy judge had expired before trial was completed. *In re Schoenfield*, 608 F.2d 930 (2d Cir.1979). Federal Rule 63 had not been incorporated into the bankruptcy rules, but the court considered the rule and the cases interpreting it, and determined that the cases turn on the assumption that a new trial is required when the predecessor judge has not filed findings of fact and conclusions of law. *Id.* at 934.

■ No reason appears, however, why the parties here cannot waive their rights under the rule and the court sees no reason to withhold approval of their joint request that it make findings of fact, apply the law and issue a decision. The case is complex; it involves the question of government liability for claimants' losses resulting from the purchase and development of real property adjoining the Atlantic Intercoastal Waterway which allegedly occurred when the United States asserted its claimed rights under an easement. The voluminous record contains all that is necessary to reach a decision and it would be expensive and time consuming to try the case again. Counsel also stated that some witnesses have died.

The fact that this is a congressional reference case, to be handled in accordance with 28 U.S.C. §§ 1492 and 2509 and the special

procedure of the United States Claims Court pertaining to this type of case, RUSCC Appendix D, makes no difference in the resolution of this issue. The statutes and procedure contemplate that the other rules of the court, to the extent feasible, are to be applied. *Id.* ¶ 1. Rule 63, therefore, is applicable.*

The Procedure Governing Congressional Reference Cases states that "the hearing officer's findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the hearing officer to judge the credibility of witnesses." *Id.* ¶ 8. The court accepts the joint motion for decision on the record as a representation that credibility of witnesses is not an issue and that resolution of inconsistencies in and disagreements about the evidence adduced at trial can be based on objective criteria. Therefore, the parties shall be deemed to have waived any objection on that ground to the weight the court gives evidence.

Accordingly, it is ORDERED that the joint motion for decision on the record is GRANTED and the case will be decided on the record heretofore made.

---

* In the Court of Claims, from which this action was transferred, a party did not have a right to a new trial when a case was assigned to another judge after conclusion of trial but before filing of findings of fact and conclusions of law. Rule 14(c) of that court permitted transfer of an action for good cause after oral testimony had been heard. This was because Court of Claims trial judges operated under an order of reference and filed proposed findings of fact and conclusions of law. Judgment was entered, except in congressional reference cases, by the Court of Claims judges who reviewed the proposed findings. Therefore, trial judges operated essentially as court-appointed masters and came within the rationale of *D.M.W. Contracting Co. v. Stolz,* 158 F.2d 405 (D.C.Cir. 1946), where the court held that a second master could base findings on evidence taken by his late predecessor because the court would review the transcript before entering judgment. It was otherwise in congressional reference cases, *see Datronics Engineers, Inc. v. United States,* 210 Ct.Cl. 665 (1976), but the question of substituting hearing officers after trial and before findings does not appear to have been an issue.