**MISSOURI PACIFIC TRUCK LINES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Nos. 98–79 T, 604–80 T.

United States Claims Court.

May 26, 1983.

Robert T. Molloy, Vienna, Va., for plaintiff. Molloy & Johnson, P.C., Vienna, Va., of counsel.

George L. Squires, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

ORDER

NETTESHEIM, Judge.

On May 12, 1983, plaintiff Missouri Pacific Truck Lines, Inc. ("Missouri Pacific"), moved for a new trial under RUSCC 63(a) filing therewith its Expedited Motion To Suspend Proceedings. Pursuant to RUSCC 77.1(a), the court on May 13, 1983, set an expedited briefing schedule on the motion for new trial. Defendant opposed on May 13 in advance of the briefing schedule set by the court; Missouri Pacific replied, as permitted, on May 25.

In support of its motion for new trial, Missouri Pacific offers the order issued on March 4, 1983, in *Sea-Gate, Inc. v. United States,* 1 Cl.Ct. 699 (1983) (MAYER, J.), and the affidavit of John R. Mendenhall, Vice-President—Taxes, of Union Pacific Corporation. Mr. Mendenhall explains that Missouri Pacific is a wholly-owned subsidiary of Missouri Pacific Railroad Co., which, in turn, is a wholly-owned subsidiary of Missouri Pacific Corp. Effective December 22, 1982, UP Subsidiary Corp., a wholly-owned subsidiary of Union Pacific Corp., was merged into Missouri Pacific Corp., with the

result that Missouri Pacific became a wholly-owned subsidiary of Union Pacific Corp. Thus, "from and after December 22, 1982, Union Pacific Corporation is the real party in interest on the plaintiff's side in Nos. 98–79 T and 604–80 T." Affidavit of John R. Mendenhall, May 12, 1983, ¶¶ 2–4. Mr. Mendenhall further asserts that these cases are "very important matters." *Id.* ¶ 5. The refund claims approximate $300,000, and counterclaims of $12.5 million have been asserted; in addition, approximately $22 million is involved in later years on the same issue. *Id.* Mr. Mendenhall avers his knowledge of the reassignment of these cases from Senior Judge George Willi to this court on January 25, 1983, *id.* ¶ 6; he also asserts that on or about April 18, 1983, he became cognizant of the order in *Sea-Gate, id.* ¶ 7, and concludes, "After consultation with lawyers on my staff and with outside counsel, I have determined that the importance of the legal and factual issues involved here militates in favor of having the findings of fact and conclusions of law ... made by a Judge who has framed the issues, and heard the testimony, and observed and assessed the credit to be accorded the witnesses." *Id.* ¶ 8.

## FACTS

The operative facts relating to these motions are, as follows: These cases were tried to former Trial Judge, now Senior Judge, George Willi, from September 13, 1982, through September 24, 1982. Trial originally had been scheduled for July 19, 1982, but at Missouri Pacific's request the trial date was vacated and rescheduled to September 13. In a Memorandum of Trial Judge Under Rule 113 (of the former Rules of the United States Court of Claims), filed June 11, 1982, the judge noted:

The conference closed with some discussion of the logistics of arriving at the decision to follow trial of this cause in view of the impact of the court reorganization legislation to take effect October 1, 1982. I indicated that, subject to circumstances beyond my control, I would exert every effort to render an opinion myself. To that end, I offered, subject to the parties' joint approval, to relieve them of the requirement of filing proposed findings and briefs. Mr. Molloy [Missouri Pacific's counsel] expressed the view that the complexity of the case would require post trial briefing. It was thereupon agreed that this would be done. Following adjournment of the conference it occured [sic] to me that a reasonable procedure, tending to insure that the person who presided at trial would find the facts, would be for me to state on the transcript of record, after the proofs are in, the essential facts as I perceive them in accordance with my understanding of the evidence. I am perfectly willing to do this, leaving the parties free to brief the law as they desire. Should counsel wish to pursue this idea, I would be glad to consult further on it for purposes of refinement.

On September 24, 1982, at the conclusion of trial, defense counsel offered to file simultaneous briefs in order to put the matter before the court more expeditiously than could be achieved by sequential briefing. Counsel for the Government inquired of the court whether it would be deciding this case, and the court responded that it did not know. Tr. at 2,065.

Thereafter, on November 16, 1982, the judge filed its Order Closing Proof and Fixing Briefing Schedule, providing that plaintiff's brief was due 30 days after November 16, defendant's brief was to follow 30 days thereafter, and an optional reply from Missouri Pacific would be received up to 20 days after defendant filed its brief. Missouri Pacific filed its lengthy opening post-trial brief on December 30, 1982, after a ten-day extension from December 20. On January 21, 1983, defendant sought a 15-day extension to February 16, 1983. The case was then reassigned from Judge Willi to this court by order entered January 25, 1983. After reassignment defendant obtained an additional seven days' extension and filed its equally lengthy opposition brief on February 23, 1983. Missouri Pacific's reply would have been due on March 18, 1983, but on March 8 it moved for a 45-day

enlargement of time, which was allowed to the extent of 31 days, or until April 18, 1983. On April 5 Missouri Pacific requested an additional 30 days' time until May 18, asserting, *inter alia*, "plaintiff will not need nor request any additional enlargements of time to file its Reply Brief." Motion for Enlargement of Time, filed Apr. 5, 1983, at 3. This motion was allowed with the notation that no further extension would be granted. On May 12, 1983, the motions under consideration were filed.

Defendant's turn-around oppositions to both the motion for new trial and the expedited motion to suspend proceedings, filed on May 13, 1983, contended that plaintiff had waived any right to a new trial and that reassignment of the case to Senior Judge Willi was an option in lieu of ordering a new trial. In addition, defendant suggested that the motion to suspend proceedings might have been motivated by a desire to " 'buy time,' " because plaintiff's motion was filed only six days before Missouri Pacific was obligated to file its final post-trial brief. Opposition of the United States to Plaintiff's Expedited Motion To Suspend Proceedings, filed May 13, 1983, at 1. This suggestion is rejected out of hand because it raises the spectre of RUSCC 11, which provides that "[t]he signature of an attorney constitutes a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The court can impose severe sanctions for a signature made with intent to defeat the purpose of the rule by striking the pleading as sham and false, and, if the violation is willful, by subjecting an attorney to disciplinary action. Without more from defendant, the court will assume, as it must in every case, that the motions for new trial and for suspension of proceedings did not serve the ulterior purpose of obtaining additional time (as they certainly have) for the filing of Missouri Pacific's reply brief.

Missouri Pacific's May 25 reply is directed to defendant's opposition to its motion for new trial. The events in June 1982 are deemed irrelevant because the Rules of the United States Court of Claims made no provision for a new trial upon reassignment from a trial judge, whose decisions could have only the status of recommendations to the Court of Claims. Any waiver of a right to new trial also is disclaimed in that Missouri Pacific's only action on the record after reassignment and before apprehension on April 18 of the March 4 order in *Sea-Gate* was one request for extension of time filed on April 5, 1983. Plaintiff's Memorandum in Response to Government's Opposition to Motion for New Trial, filed May 25, 1983, at 5 n. 2. ("Plf's Reply"). Missouri Pacific also argues that the type of oral fact finding proposed by Judge Willi would not have been sufficient under Rule 63(a). Finally, for reasons not elaborated, Missouri Pacific counsels against resolving its motion by a re-transfer of the cases to Senior Judge Willi.

## DISCUSSION

Rule 63(a) of the Rules of the United States Claims Court provides in full:

> Disability. If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after finding of facts and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

While RUSCC 63(a) became effective on October 1, 1982, after trial had concluded in this case, its text is substantially identical to Fed.R.Civ.P. 63.[1] The latter has been construed to apply not only to death or disability, but also to expiration of a term of office, *In re Schoenfield*, 608 F.2d 930 (2d

---

1. Fed.R.Civ.P. 63 and RUSCC 63(a) differ in two respects: the wording of the headings and

Rule 63(a)'s omission of reference to a jury verdict.

Cir.1979); resignation, 7 J. Moore & J. Lucas, Moore's Federal Practice § 63.03 (2d ed. 1982); and the termination of tenure or retirement, 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2922, at 337–38 n. 4, 339 (1973).

Missouri Pacific was on notice of RUSCC 63(a) as of October 1, 1982, because Missouri Pacific was a party actively pursuing litigation before the new Claims Court on that date. Missouri Pacific would attempt to postpone the effective date of that awareness to April 18, 1983, the date Mr. Mendenhall was informed of the March 4, 1983 order in *Sea-Gate, Inc. v. United States,* on the apparent theory that, until *Sea-Gate,* no court had held, under the Rules of the United States Claims Court, that upon retirement of a judge prior to entering findings of fact and conclusions of law a new trial should be ordered unless waived by the parties. Missouri Pacific is correct in its recitation of *Sea-Gate's* law; incorrect, however, is the suggestion that this order qualifies as new law with respect to the explicit requirements of Fed.R.Civ.P. 63, as its counterpart is found in the rules of this court.[2]

In *Sea-Gate* the parties did not request a new trial. The case had been tried and fully briefed before reassignment to the successor judge. In the case at bar, one party requests a new trial, which is resisted by its opponent. The cases at bar were briefed only partially before reassignment; in fact, Missouri Pacific delayed filing its motion for new trial upon reassignment until after defendant had filed its opposition brief and until six days before the second and last extension of time expired for Missouri Pacific's final brief.

The United States Claims Court is subject to an institutional reorganization commanded by the Federal Courts Improvement Act of 1982, Pub.L. 97–164, § 105(a), 96 Stat. 26–27, § 167(a)–(b), 96 Stat. 50–51, to be codified at 28 U.S.C. §§ 171 and note, 172

(the "FCIA"). The effect of the foregoing is that the former commissioners of the predecessor United States Court of Claims serving on October 1, 1982, became judges of the Claims Court and are to continue in office until 15 years from the date of employment with the Court of Claims or October 1, 1986, whichever occurs earlier. Thus, absent presidential reappointment before the expiration of a 15-year term or before October 1, 1986, or recall to senior status, § 121(f)(1), 96 Stat. 35, the composition of the court's bench may change completely within four and one-half years after April 12, 1982, the date the FCIA was enacted. The consequent disruption in the orderly administration of the Claims Court's docket by this institutional change of judicial personnel is obvious. The lack of precision in forecasting the departure date of a given judge because of possible reappointment or assignment to senior status is also obvious. However, it is not obvious that RUSCC 63(a) dictates a new trial in every instance wherein a case has been tried and reassigned before findings of fact and conclusions of law enter.

This court properly cannot task itself to delineate all the circumstances calling for a new trial under Rule 63(a). Wholly appropriate, on the other hand, is the court's describing those circumstances constituting a waiver of any right to a new trial as they present themselves in this case.

The order in *Sea-Gate* does not suggest restricting the concept of waiver to a demonstration on the record that the parties, having been afforded an opportunity by the successor judge to ask for a new trial, consent to a decision on the record. A party can waive any right to a new trial upon reassignment by acts incompatible with the responsible and timely assertion of any such right, as has occurred in this case. Missouri Pacific makes no effort, in brief or affidavit, to explain why it did not elect—or could

---

2. Assuming *arguendo* that *Sea-Gate* stated a new rule of law, a party litigant cannot contend seriously that he is chargeable with knowledge of a decision issued by a court before which he is appearing only on the date the party's representative with authority to act on the decision (as distinguished from its attorney) is informed of the decision. The interval between issuance of the decision and apprehension thereof is a pivotal factor in every case.

not have elected—to assert any such right to a new trial upon reassignment of the cases in late January 1983. Nor does Missouri Pacific attempt to explain why it delayed three and one-half months after reassignment in requesting a new trial, especially when during the intervening months defendant had put its theory of the case on the record and Missouri Pacific represents that it was attempting to file a timely reply thereto.[3] Had Missouri Pacific advised the court of its desire for a new trial within a reasonable time after reassignment and before allowing its opponent to file its opposition, the court would have been required to determine whether Missouri Pacific's actions before Senior Judge Willi (requesting, *inter alia*, postponement of the trial date so that trial commenced within one month before the Court of Claims ceased to exist and not responding to Judge Willi's invitation to make findings after trial and before any reassignment) constituted a waiver or whether Judge Willi's suggestions, if acted upon, would have satisfied the requirements of RUSCC 52(a) concerning findings of fact and conclusions of law.

The court does not decide here whether waiver can be predicated on such actions or inaction, because it concludes that Missouri Pacific waived any right it may have had to a new trial under RUSCC 63(a) by failing to move for a new trial after reassignment and before further briefing.[4] *See In re Schoenfield*, 608 F.2d at 931 (upon expiration of judge's term before trial had been concluded, bankrupt moved "immediately" for trial *de novo*).[5]

## CONCLUSION

Plaintiff's motion for a new trial and motion to suspend proceedings are denied. Plaintiff will be permitted to file its reply brief by no later than 5:00 p.m., Tuesday, May 31, 1983. Any additional time afforded by RUSCC 6(c) is included within this deadline.

**3.** An option available to Missouri Pacific, which was not pursued, was to have moved for suspension of proceedings after reassignment pending a determination of whether a motion for a new trial would be filed.

**4.** Any new trial would not differ markedly from the prior proceedings, as Missouri Pacific does not appear to understand. For example, paragraph 8 of Mr. Mendenhall's affidavit suggests that a decision should be made by "a Judge who has framed the issues." Missouri Pacific expressly asks that the "cases [be] set for pretrial [sic] hearing to determine the issues and scope of the new trial." Plf's Memorandum in Support of Motion for New Trial at 2; Plf's Reply at 10. The reply suggests that the court (or Missouri Pacific) might desire to try the case on quantum, as well as on liability, the former by stipulation having been the subject of the trial in 1982. Plf's Reply at 8–9 & n. 9.

A retrial under RUSCC 63(a) does not allow a party to reframe its case. Likewise, RUSCC 63(a) does not require the rehearing of all witnesses. The most recent contested case assert-

ing an absolute right to a new bench trial in the absence of unanimous agreement of the parties, assuming there has been no waiver, *Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711 (6th Cir.1977) (motion filed after judge died post-trial, but before all briefs were filed), allowed the court at retrial to use transcripts of the testimony in the former proceeding with respect to all witnesses who were located outside the district, who resided 100 miles from the place of holding trial, or whose testimony could not otherwise be procured by the parties. 552 F.2d at 713.

**5.** In addition to *Schoenfield*, Missouri Pacific cites cases involving the death of a sitting judge, *Whalen v. Ford Motor Credit Co.*, 684 F.2d 272 (4th Cir.1982); *Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1982); and *ArrowHart, Inc. v. Philip Carey Co.*, 552 F.2d 711 (6th Cir.1977). Plf's Reply at 1. These three cases are silent on the interval between date of death and motion for new trial.