774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert Semaan, Al Semaan, Inc., a Michigan corporation,
d/b/a Food Center Supermarkets, Inc., a dissolved Michigan
corporation; Food Shoppers, Inc., a dissolved Michigan
corporation; and Food Center Supermarket-Six Mile Limited, a
dissolved corporation, jointly AND Belair Supermarket, Inc.;
Seamann's Market, Inc.; Belair Supermarket, Inc., #2; Thomas
Semaan, individually and d/b/a Chrystal Palace; Tony Semaan
and Ruth Semaan, his wife, and Peter Semaan, jointly and
severally, Plaintiffs-Appellants,
v.
Allied Supermarkets, Inc. a Delaware corporation, Defendant-Appellee.
 No. 83-1640
 United States Court of Appeals, Sixth Circuit.
 9/25/85
 
 E.D.Mich.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: ENGEL and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal presents questions concerning the scope of a successor judge's power to reconsider and reverse the orders of his predecessor. A bankruptcy judge reversed the judgment of his predecessor on the issue of liability when the precedessor's term of office expired prior to the separate hearings on damages. The district court affirmed the successor judge. On consideration of the issues, we reverse and remand.
 
 
 2
 In November 1980, after several days of hearings, the originally assigned bankruptcy judge found against the defendant creditor (Allied) on the issue of liability in a fraud and misrepresentation action and found for the plaintiff debtors (the Semaans) on counterclaims concerning personal guarantees of debts. At Allied's request the bankruptcy judge reopened the proceedings and heard more testimony and argument in April 1981. After weighing the product of approximately eight days during the two hearings, the judge again decided in favor of the Semaans on these issues and entered judgment accordingly on June 11, 1981. A motion for a new trial was denied, and a hearing was scheduled for a determination of damages.
 
 
 3
 Before the hearing on damages was held, the judge's term expired and a new judge replaced him. In November 1981, the successor judge received a motion from Allied requesting a new trial. The successor granted a new trial, or in the alternative, a reconsideration of the finding of liability, because there was as yet no final judgment and because 'substantial justice' required a rehearing. The parties were notified that they could submit additional proofs, but both declined, as they had exhausted their proofs in the two prior proceedings. The parties agreed to submit the case on the transcripts.
 
 
 4
 On July 27, 1982, the successor judge found Allied not liable for fraud and misrepresentation, and found certain Semaans liable on the counterclaims regarding personal guarantees of corporate debts. On review the district court affirmed the decision of the successor judge as not clearly erroneous and stated that it was supported by substantial evidence. On appeal to this court, the Semaans argue that a new trial should not have been granted because the successor judge had no authority to reopen a final judgment and because the motion for a new trial was untimely.
 
 
 5
 Federal Rule of Civil Procedure 50(b) provides that a motion for a new trial be filed within ten days from the entry of the judgment. The predecessor judge's entry regarding liability was not a final judgment, however, under the well-established rule that, where liability has been decided but the amount of damages remains undetermined, there is no final, appealable order. See, e.g., Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976); McGourkey v. Toledo & Ohio Central Ry. Co., 146 U.S. 536, 546-51 (1982).
 
 
 6
 Federal Rule of Civil Procedure 63 permits a successor judge to grant a new trial if the original judge is disabled. Rule 63 provides:
 
 
 7
 If . . . a judge before whom an action has been tried is unable to perform the duties after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.
 
 
 8
 Loss of tenure has been held to fall within this rule. In re Torrence, 177 F. Supp. 209 (D.C. Haw. 1959) (rule 63 comprehends anything that makes the judge unable to act).
 
 
 9
 When a successor judge is involved in the grant of a new trial on the basis that the prior judgment is against the weight of the evidence, '[i]t is difficult to perceive the propriety of an exercise of such power where credibility is involved, the successor judge having never seen nor heard the witnesses as they testified.' Rose Hall Ltd v. Chase Manhattan Overseas Banking Corp., 576 F. Supp. 107, 125 (D. Del. 1983). Where no credibility issues are involved, the successor judge can properly rule on the motion. 'However, if the successor judge finds that determining whether the verdict is contrary to the clear weight of the evidence involves questions of credibility which he should determine, he should, in his discretion, grant a new trial.' Id. A new trial in such cases allows the successor judge to observe the witnesses in order to make the necessary findings.
 
 
 10
 This court previously addressed a related issue under Rule 63 in Arrow-Hart, Inc. v. Philip Carey Co., 552 F.2d 711 (6th Cir. 1977). That case involved a trial before a judge without a jury in which the judge died after all testimony and transcripts were completed but before the judge expressed any findings of fact or conclusions of law. We explained that, if all the parties agreed, the case could be 'submitted [to the successor judge] on the evidence contained in the transcript, with an opportunity for the parties to supplement the record with additional testimony.' Id. at 712-13. One of the parties had refused to consent, and the district court had held that it had no discretion to dispose of the case on the basis of the evidence on file. We agreed, holding that, where there was no oral or written expression of the predecessor judge's findings and conclusions sufficient to satisfy Rule 52 and where the parties did not agree unanimously on submitting the case on transcripts, a new trial was required. Id. at 713. The instant case is distinguishable. The predecessor judge made clear findings of fact and conclusions of law, and formally entered the judgment. Moreover, the original judge denied a motion for a new trial. The Semaans opposed the successor judge's grant of a new trial, and not until the new trial was granted did they agree to submit the case on the transcripts. Thus, the Arrow-Hart decision is inapplicable here, although it illustrates the importance of observing a trial in order to make findings of fact, a principle that underlies Rule 63.
 
 
 11
 In Berry v. School District of the City of Benton Harbor, 494 F. Supp. 118, 120 (W.D. Mich. 1980), the procedural posture was more similar to the instant case. The question of liability was tried separately, as in the present appeal. After a bench trial, the judge decided that the defendants were liable, and ordered injunctive relief and the formulation of a remedy. After the judge withdrew for health reasons, the defendants sought a new trial from the successor judge. The court held that a motion for a new trial under Rule 63 is a matter of discretion but that the court 'may not properly overrule the decision of the first judge in the absence of special circumstances.' Id. at 120. A difference of opinion regarding credibility and the weight of the evidence does not constitute exceptional circumstances. Even where such circumstances exist, deference must be paid to the original judge's findings. Id. Indeed, the bankruptcy rules require the district court to give 'due regard . . . to the opportunity of the bankruptcy court to judge the credibility of witnesses.' Rules 810, 8013.
 
 
 12
 In the instant case, there was conflicting testimony. Credibility of witnesses was a crucial factor. The predecessor judge twice presided at hearings and twice decided for the Semaans. He found Allied clearly liable for misrepresentation. If the successor judge had presided at a new trial and observed the witnesses, the grant of the new trial would present a different question. As it is, the successor judge merely reweighed the evidence without the benefit of observing the proceedings. Rule 63 'is not an invitation to reargument before a new judge.' 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2922, at 339 (1973).
 
 
 13
 We therefore REVERSE the judgment of the district court and REMAND the case to the district court with instructions to remand the case to the bankruptcy court. The bankruptcy court is to vacate both the order granting the new trial and the judgment of the successor judge. The successor bankruptcy judge thereafter may exercise those same powers which his predecessor exercised, except that if he determines not to readopt the findings of fact and conclusions of law previously made, he must clearly comply with Civil Procedure Rule 63 by certifying that he is satisfied that he cannot perform the remaining duties because he did not preside at the trial or state other reasons of comparable persuasion. He then must grant a trial de novo. While the parties themselves may, with the court's consent, submit the case to him upon the record already made without reintroduction of testimony, they should at least be accorded the right to present the witnesses' live testimony to the successor judge so that he may be in a position to judge their credibility in reaching a decision.