WALLACE BAKER CHEVROLET CO., INC. *v.* Danny
NELSON, d/b/a NELSON AUTO SALES

86-125                                          712 S.W.2d 896

Supreme Court of Arkansas
Opinion delivered July 14, 1986

*Odell Pollard, P.A.*, by: *Margaret Bunn*, for appellant.

No brief filed.

JOHN I. PURTLE, Justice. Danny Nelson, d/b/a Nelson Auto
Sales (appellee), sold Wallace Baker Chevrolet Company, Inc.
(appellant), through the Beebe Auto Exchange, Inc., a 1983
Chevrolet Caprice automobile. Appellant resold the vehicle to a
customer who returned it alleging multiple defects. Appellant
then filed suit in the circuit court seeking rescission, revocation of
acceptance and alleging breach of warranties pursuant to the
Uniform Commercial Code. Also, a count for fraud and deceit

was contained in the complaint.

The case was tried on December 17, 1984, before a judge who resigned from the bench on December 31, 1984. No findings of fact and conclusions of law or judgment had been filed on the effective date of the judge's resignation. A judgment and findings of fact and conclusions of law, dated December 27, 1984, and signed by the resigning judge was entered of record on February 12, 1985. At the conclusion of the trial the judge stated:

> I can tell you what I'm going to do now, but as for making a finding of facts in regard to specific pleadings, I am going to not do that right now. . . . Well, I'm going to make my findings of fact in regard to what is before me. Whatever has been presented in regard to this. . . . Well, you know, I'm going to make my findings of fact on what has been presented to me here at this time. That's what I'm going to do. Is there anything else to come before the court?

From the statement of the judge it is very clear he intended at a later time to announce or make written findings of fact and conclusions of law. The appellant filed a motion to set aside the judgment and a motion for a new trial. On February 12, 1985, the new judge denied appellant's motions.

Appellant argues three points for reversal: (1) the trial court erred in finding that plaintiff did not establish his cause of action under the Uniform Code; (2) the trial court erred when it failed to find the defendant falsely represented the car, and failed to apply the Arkansas law of fraud and deceit to the facts and evidence; and (3) the trial court erred when it denied appellant's motion for a new trial and permitted entry of the judgment by the former judge. We agree with the appellant as to the third point and therefore do not discuss points one and two.

We think this case is controlled by ARCP Rule 63, which reads as follows:

> If for any reason, including resignation or removal from office, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are announced or filed, then any other judge regularly sitting in or assigned to the court in

which the action was tried may perform those duties; but, if such judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may, in his discretion, grant a new trial.

Paraphrasing the Rule and applying it to the present facts, the Rule requires that a judge who hears a case and then resigns, without entering a judgment or announcing or filing findings of fact and conclusions of law, has no authority to enter a judgment or issue findings of fact and conclusions of law at a later date. With this interpretation of the Rule in mind, we must examine the facts of this case and any applicable law to determine whether the trial court erred in denying appellant's motions on February 12, 1985.

We do not find any decision by the Arkansas Court of Appeals or this Court which interprets this Rule. Our own Rule 63 is almost identical to Federal Rules of Civil Procedure, Rule 63. Therefore, we feel that an examination of federal cases is useful. *In Re Schoenfield*, 608 F.2d 930 (2d Cir. 1979), stated:

> The Sixth Circuit has recently taken the position that the clear implication of Rule 63 is that a new trial is always required when prior to filing findings and conclusions a judge is disabled from proceeding further with a bench trial. *Arrow-Hart, Inc.* v. *Philip Carey Co.*, 552 F.2d 711 (6th Cir. 1977).
>
> . . .
>
> Although this Court has never had occasion to rule on this precise issue, the Second Circuit cases concerning the substitution of judges appear to turn on the assumption that when during the course of a bench trial the original judge becomes unable to proceed, a new trial is required unless the original judge has previously filed findings of fact and conclusions of law. . . .

The opinion in *Arrow-Hart*, supra, construing Rule 63, stated:

> However, in the absence of unanimous agreement of the parties, and where, as here, there is no oral or written expression of the deceased judge reasonably satisfying the requirements of Rule 52 concerning findings of fact and

conclusions of law, we hold that a new trial is required. . . .

We agree with the reasoning in the above cited cases and find it persuasive.

It is clear that the trial judge's intentions were to make findings of fact and conclusions of law in order to protect the parties and to complete the record. Although he did in fact do so before his resignation became effective, he failed to file or announce them until after his resignation. Therefore, the present judge should have granted appellant's motions because the former judge had no authority to act after December 31, 1984.

Reversed and remanded for a new trial.

HOLT, C.J., not participating.