**Arthur E. QUILLO**

v.

**The UNITED STATES.**

**No. 641–80C.**

United States Claims Court.

April 7, 1983.

Arthur E. Quillo, pro se.

M. Susan Burnett, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

### ORDER DIRECTING ENTRY OF JUDGMENT

WIESE, Judge.

Plaintiff, a retired civil service employee, filed a *pro se* claim in the former United States Court of Claims to recover a lump-

---

sum payment for 128 hours of unused annual leave accumulated during his last tour of duty as a contracting officer with the United States Navy in Vietnam. His petition claimed that use of this leave had been proscribed because of military concerns; hence, its later forfeiture (because of excess accumulation) was therefore said to be unlawful. In an order entered October 8, 1981, the court held that, subject to proof of his allegations, plaintiff had stated a claim for relief within the contemplation of 5 U.S.C. §§ 6304(d)(1)(A) and (e) (1976).[1] The matter was remanded to the trial division—now the United States Claims Court—for further proceedings.

The case now comes before this court on defendant's motion for an entry of judgment in plaintiff's favor in the amount of $1,515.52 (*i.e.,* 128 hours at $11.84 per hour). Plaintiff opposes the motion claiming that the proposed judgment amount is inadequate because it does not include interest due in consequence of the long delay in payment. As plaintiff puts it "[m]y claim is for the restoration of forfeited leave that was part of the wages to be paid for services performed in 1974 and the interest is the difference in the value of the wages from the time earned to the time of payment * * *."

Plaintiff's interest claim cannot succeed. It is settled law that, "in the absence of constitutional requirements, interest can be recovered against the United States only if express consent to such a recovery has been given by Congress." *United States v. N.Y. Rayon Co.,* 329 U.S. 654, 658–59, 67 S.Ct. 601, 603–04, 19 L.Ed. 577 (1947). No constitutional requirements dictate the allowance of interest here. Similarly, no statute grants plaintiff a right to such interest. *Cf. Rasmussen v. United States,* 211 Ct.Cl. 260, 275 n. 20, 543 F.2d 134, 142 n. 20 (1976); *cf. Blake v. Califano,* 626 F.2d 891 (D.C.Cir.1980). Hence, interest may not be allowed as part of the judgment in this case, 28 U.S.C. § 2516(a), as amended by § 139(j)(2) of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, 43.

Plaintiff is therefore entitled only to the principal sum as claimed in his petition and as now agreed to by the United States, to wit: $1,515.52. Payment of this amount shall operate as a full discharge to the United States of all claims and demands arising out of matters involved in the case, including any claims for attorneys fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp. V 1981).

Accordingly, IT IS ORDERED that, in payment for plaintiff's forfeited annual leave, judgment be entered in his favor in the amount of one thousand five hundred fifteen dollars and fifty-two cents ($1,515.52).

---

1. 5 U.S.C. § 6304(d)(1)(A) (1976) provides for the restoration of annual leave the loss of which was occasioned by "administrative error". Where the error is first discovered after the individual has been separated from Government service, 5 U.S.C. § 6304(e) (1976) makes the lost leave subject to credit and liquidation "by lump-sum payment" measured at the basic pay rate applicable to the individual for the period in question.