Philip G. VARGAS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 426–79C.

United States Claims Court.

June 28, 1983.

. Robert A. Fesjian, Washington, D.C., for plaintiff.

Lorraine B. Halloway, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

Defendant filed a motion for entry of judgment to which plaintiff objects. A judge of this court, since retired, tried this case, made findings of fact and conclusions of law, and entered a judgment for plaintiff on the issue of liability. Appeal of his order under the transitional provisions of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (to be codified in 28 U.S.C. § 171 note), was ordered dismissed by the Court of Appeals for the Federal Circuit in response to the parties' joint motion for dismissal and remand to this court for further proceedings on the issue of damages.

In reaching a decision on the liability aspects of this case, the previously assigned judge found that plaintiff's termination of employment with the now defunct Commission of Federal Paperwork (Commission) on April 8, 1977, was void because the director of the Commission improperly denied plain-

tiff's request to withdraw his resignation, and plaintiff is entitled to back pay. The Commission went out of existence on January 31, 1978, and it is through this date that plaintiff, formerly Director of the Commission's Confidentiality/Privacy Study, believes himself entitled to back pay.

The previously assigned judge found as a fact that:

"76. In the fall of 1976, the CFP [Commission] did a budget estimate in which it projected when each position in every CFP study group would phase out, by month. The CFP also developed a personnel termination program involving a 90-day oral notice from the appropriate assistant director followed by a 30-day written notice signed by Mr. Buhler [the Commission's director]. Ms. Macaluso [plaintiff's supervisor] gave 90-day oral notices to all employees in the Confidentiality/Privacy Study group on March 8, 1977. Written notice was given on May 13, 1977, and the group was phased out on June 10, 1977." *Vargas v. United States,* No. 426–79C, slip op. at 35 (Sept. 29, 1982).

In light of this finding, defendant says plaintiff is entitled to back pay only through June 10, 1977, the date the group to which he belonged was phased out. On that premise, defendant has moved for entry of judgment in favor of plaintiff in an amount calculated by the General Accounting Office.

Plaintiff does not contest the correctness of the calculation, but argues that the motion for entry of judgment must be denied because it constitutes a motion for summary judgment on damages where there exists a genuine issue of material fact relating to the amount due him. Plaintiff asserts that he is entitled to recover back pay until the date the Commission went out of existence, rather than the date the Confidentiality/Privacy Study group was abolished, because he was not a member of a recognizable "employment group." Even if he was a member of the Confidentiality/Privacy Study group, it cannot be said that this group was abolished because its work continued to be performed by a special assistant to the director of the Commission. As support, he relies on the judge's opinion and the affidavit of a former employee of the Commission, who was not called as a witness at trial. He argues that the judge's decision to reserve determination of the amount of recovery demonstrates a need for further proceedings to find additional facts.

■ Under RUSCC 63(a), this judge may perform whatever duties remain when a predecessor judge who tried the case has retired after filing findings of fact and conclusions of law, unless he "is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason . . . ." *See Sea-Gate, Inc. v. United States,* 1 Cl.Ct. 699 (1983) (MAYER, J.). The court is satisfied it can perform those duties necessary to conclude this matter on the basis of the record as it stands.

The questions raised by the motion for entry of judgment are whether defendant is correct that the trial judge found as a fact that plaintiff belonged to an employment group which was phased out on June 10, 1977, and if so, whether plaintiff is entitled to back pay only until that date. If the court is satisfied the answers are yes, defendant's motion should be granted and judgment entered in accordance with it. On the other hand, if defendant is incorrect, it may be necessary for the parties to present new evidence to determine the amount of damages.

■ The court need not decide whether defendant's motion for entry of judgment constitutes a motion for summary judgment pursuant to RUSCC 56 or a procedural motion under RUSCC 7(b) because even if it amounts to a motion for summary judgment, there exists no question of material fact which would require that the motion be denied. Notwithstanding plaintiff's attempt to suggest varying interpretations of the findings, the previously assigned judge specifically, clearly and unequivocally found that the group to which plaintiff was assigned was phased out on June 10, 1977, *see* Finding 76; *see also* Findings 20, 23, 24, 25,

30, 31 and 32, and that plaintiff had received his 90-day oral termination notice before he resigned, see Findings 27 and 28, the first step in the termination procedure, see Findings 15 and 76. Absent any circumstances casting doubt on these findings, this court is bound by them. *See Berry v. School District of the City of Benton Harbor,* 494 F.Supp. 118, 120 (W.D.Mich.1980).

Plaintiff argues that this cannot be a correct interpretation of the findings because the previous judge reserved determination of the amount of recovery, thereby demonstrating a need for additional evidence. One can only speculate about the judge's rationale in exercising his discretion pursuant to Court of Claims Rule 131(c)(2) to postpone determination of damages. He may just as readily have done so to permit development of legal issues pertaining to damages, since he noted that defendant had apparently labored "both at trial and in its briefs under the impression that the question of liability only was at issue." No. 426–79C, slip op. at 21.

■ As a result of the motion for entry of judgment, the parties have had an opportunity to address these issues of law and defendant has conceded plaintiff's right to back pay through June 10, 1977. Based upon the findings already made, the question of damages in this action is squarely controlled by *Kozak v. United States,* 198 Ct.Cl. 31, 458 F.2d 39 (1972). In that case, the Court of Claims limited back pay to a wrongfully separated employee of the Library of Congress to the date on which his employment group was abolished. The only remaining duty of this court, therefore, is the non-discretionary one of entering judgment in accordance with the mandate of *Kozak. Cf. Quillo v. United States,* 2 Cl.Ct. 242 (1983) (WIESE, J.). In light of his findings, the previously assigned judge would have had no greater discretion in ruling on defendant's motion.

Accordingly, defendant's motion for entry of judgment is GRANTED and judgment will be entered in favor of plaintiff and against defendant in the amount of six thousand four hundred forty-seven dollars and thirty-six cents ($6,447.36), representing back pay and allowances due plaintiff from the date of his termination to June 10, 1977. Of this amount, four hundred twenty-three dollars and eleven cents ($423.11) shall be credited to plaintiff's account in the Civil Service Retirement Fund. Plaintiff shall have his costs.